PROFESSIONAL MICROFILMING, INC., William H. McCleskey, and Nancyann McCleskey, Relators,

v.

Honorable Sam HOUSTON, Judge, 211th Judicial District Court of Denton County, et al., Respondents.

No. 2–83–160–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 1, 1983.

768

Peter L. Bargmann, Dallas, for relators.

Diamond J. Pantaze, Dallas, for respondents.

Before FENDER, C.J., and JORDAN and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

This is an original mandamus proceeding filed in this Court under TEX.REV.CIV. STAT.ANN. art. 1824 (Vernon 1964). Relators, Professional Microfilming, Inc. [hereinafter PMI], seek the writ to require the Honorable Sam Houston, Judge of the 211th Judicial District Court of Denton County, to set aside certain discovery orders. These orders require relators to (1) supply names, addresses, and other identifying information concerning their customers and suppliers, (2) supply cost pricing and discount formulas, information, dates, and schedules, and (3) allow respondent Richard A. Hightower, and his attorney and agents to review books, records, and materials of the relator corporation at reasonable hours

at its office. The petition for writ of mandamus is denied.

Respondent Richard Hightower is a former director and president of Relator PMI, and the owner of 600 of the 14,400 PMI shares which are issued and outstanding. He resigned from PMI in December, 1981 and accepted employment as the vice-president and national sales manager of Eikon Radiographix, Inc., which is PMI's strongest competitor. Hightower then filed suit against PMI and its majority shareholders, William and Nancyann McCleskey, claiming that PMI failed to pay him approximately $21,000 in expenses and bonus payments, and that William McCleskey had slandered him. He further urged a shareholder's derivative action, alleging that the McCleskeys breached their fiduciary duties as directors and officers of PMI to properly manage the company's affairs. The relators denied all of Hightower's claims, and counterclaimed for $90,000 on grounds that while president of PMI, Hightower received various bonus payments to which he was not entitled.

Pursuant to TEX.R.CIV.P. 201, Hightower requested the relators to disclose a number of PMI's business records, including those identifying current PMI customers and suppliers, and detailing PMI's pricing, billing and discount policies. The relators sought a protective order to prevent disclosure of information identifying such customers, suppliers and policies, arguing that the data is confidential and might be used unfairly by Hightower on behalf of Eikon. Sitting for Judge Houston, the Honorable Jack Gray held a hearing on the issue, after which he ordered production of the documents requested by Hightower. Judge Gray further ordered PMI to make its books, records, and materials available to Hightower, his attorney, and his agents for review at PMI's offices during reasonable business hours.

After the entry of Judge Gray's order, the relators produced some of the requested documents, but still refused to supply lists and supporting documents regarding accounts receivable, accounts payable, long

and short term debts, and phone bills. The relators filed a motion for rehearing in which they contended that the data in these documents relating to customers, suppliers, and pricing policies are not relevant or necessary to the litigation, and are trade secrets which could be exploited by Hightower's new employer. They further argued that the portion of the order allowing Hightower to inspect PMI's books is so overly broad that it encourages him to conduct "fishing expeditions." The relators thus requested the Court to modify Judge Gray's order to allow deletion of pricing information and names, locations and telephone numbers of customers and suppliers from any documents produced. They also requested that the portion of the order allowing inspection of PMI's books and records at its offices be vacated.

Judge Sam Houston denied the relators' motion for rehearing and ordered full compliance with Judge Gray's order. He did, however, enter an order enjoining Hightower from (1) disclosing any contents of the discovery documents to any person, firm, entity or corporation, and (2) using or allowing the use of the information for any purpose other than in connection with the merits of the present litigation. Judge Houston further ordered that all items of discovery to be produced by relators be sealed in envelopes to be opened only by order of the court. Relators now bring this mandamus action complaining of Judge Houston's order.

■ The recently enacted amendment to TEX.REV.CIV.STAT.ANN. art. 1824 (Vernon 1964) grants the Court of Appeals power to issue the writ of mandamus agreeable to the principles of law regulating such writs against any judge of a district or county court. Act of June 19, 1983, ch. 839, § 3, 1983 Tex.Sess.Law Serv. 4767 (Vernon). In general, the Court of Appeals will not issue a writ of mandamus to compel a trial court to do any act which is discretionary with such court. *Howard Gault and Son v. Metcalf,* 529 S.W.2d 317 (Tex.Civ. App.—Amarillo 1975, no writ). An exception exists, however, when the relator shows a clear abuse of discretion by the trial court. *Bush v. Vela,* 535 S.W.2d 803 (Tex.Civ.App.—Corpus Christi 1976, no writ). In order to constitute an abuse of discretion, the action complained of must amount to fraud, or caprice or must be a purely arbitrary decision without reason. *Bush v. Vela,* supra, at 805.

■ Judge Houston's decision to order relators to produce the requested documents was an act requiring the exercise of his judgment and was thus a discretionary act. In order to obtain the requested relief, therefore, the relators must show that Judge Houston abused his discretion by acting arbitrarily, capriciously, or fraudulently when issuing the discovery order. After carefully reviewing the material presented by the parties, we find that the relators have failed to show such an abuse of discretion.

Relators argue that when Judge Houston ordered the information in question to be produced, he failed to properly balance Hightower's need for the information against the relators' need to preserve their secrecy. They contend that the requested data was not material to Hightower's defenses or causes of action, and that its disclosure could only serve to harm the relators. We do not agree.

We hold that Judge Houston could have properly concluded that Hightower was entitled to the requested information. Hightower alleges in his petition that the relators incorrectly computed his bonus, which was based on the net profits of the company. He further contends that the relators have mismanaged PMI and that William McCleskey has paid himself an excessive salary as well as used company funds, car, and charge accounts for business other than that relating to PMI. Judge Houston could thus have found that without access to the customer and supplier lists, pricing and discount information, and company books and records, Hightower would be unable to determine the validity of his claims against PMI and the McCleskeys. Further, as a record shareholder of the corporation, Hightower is entitled by statute to the informa-

tion contained in PMI's books and records. Tex.Bus.Corp. Act Ann. art. 2.44 (Vernon 1980). We therefore conclude that Judge Houston did not abuse his discretion in ordering the relators to produce the required documents.

We also hold that Judge Houston's discovery order adequately considered the sensitivity of the requested data, and the potential for misuse of that data by Hightower and Eikon. Judge Houston's order enjoined Hightower from disclosing the information or using it for purposes other than those connected with the litigation. The order also provided that the documents requested to be produced be sealed in envelopes and filed with the court, to be opened only by order of the court. Judge Houston thus set up a procedure which would allow him to examine each document before disclosing it to Hightower, and impose even greater restrictions than the initial injunction if necessary.

We find no abuse of discretion by Judge Houston with regard to the discovery order, and accordingly deny the petition for writ of mandamus.