Shay **GEBHARDT**, Relator,

v.

Hon. Juan **GALLARDO**, Respondent.

No. 04–94–00690–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 9, 1995.

John E. Clark, Goode, Casseb & Jones, San Antonio, for appellant.

Steven P. Price, Enrique G. Serna Martinez, The Law Offices of Steven P. Price, Randall C. Jackson, Jr., Speiser, Krause, Madole & Mendelsohn, Dwight P. Mosher, Robert A. Valdez, San Antonio, for appellee.

Before JAMES F. ONION, Judge, (Ret.), CARLOS C. CADENA and BLAIR REEVES, C.JJ. (Ret.).

## OPINION

BLAIR REEVES, Chief Justice, (ret.).[1]

Shay Gebhardt seeks review by mandamus of an order entered by the Hon. Juan Gallardo, visiting district judge, which severed and abated her negligence claim from an alternative claim of civil conspiracy.[2]

Relator, the Hon. Shay Gebhardt, the Republican candidate for judge of County Court-at-Law No. 3 of Bexar County, sued real party, John Reynolds, and three other Democratic party officials or members. The lawsuit alleges civil conspiracy and, in the alternative, negligence in promoting and certifying the filing of the nominating petition for the Democratic candidate and seeks actual and exemplary damages. Relator alleged that the Democratic candidate did not meet minimum filing standards because a number of the required 250 signatures on his petition were forgeries and/or had been added to the petition after the deadline had expired.

The trial court severed and abated the negligence claim pending the possibility of or pursuance of criminal charges against any of the defendants.[3] Relator seeks a writ of mandamus to order Visiting District Judge Juan Gallardo to rescind the order which severed and abated petitioner's negligence claim on grounds it was an abuse of discretion. Real party argues that his federal and state constitutional rights will be violated if plaintiff is allowed to explore matters in this civil action which are also subject to a grand jury investigation. Neither the transcript nor the statement of facts reveals any source for the court's finding. We are unable to find any legal basis for this ruling. We hold that the order of severance and abatement constitutes a clear abuse of discretion for which relator has no adequate remedy on appeal. Writ of mandamus is conditionally granted for the reasons set forth below.

## MANDAMUS AND THE ABUSE OF DISCRETION

■ A party seeking mandamus relief must demonstrate that the trial court has committed a clear abuse of discretion or violated a duty imposed by law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). The Supreme Court emphasizes that the petitioner must also show that she has no adequate remedy on appeal. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992); *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984).

■ An appellate court rarely interferes with a trial court's exercise of discretion. However, a clear abuse of discretion war-

---

1. Judge Onion, Justice Cadena and Justice Reeves were assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

2. The original lawsuit is styled and numbered *Shay Gebhardt v. Leo G. Pacheco, John W. Reynolds, Dwight Mosher, and Ramon G. Flores, Sr.*, No. 94–CI–05455, in the 150th District Court of Bexar County, Texas.

3. The order, dated October 4, 1994, states in pertinent part:

   After considering the evidence, the arguments of counsel, and the post-hearing briefs filed by the parties, the court finds that the plaintiff's allegations could be read as a claim that the candidate's petition was altered while in the exclusive possession of some of the defendants, and that such allegations raise the possibility that the plaintiff may rely upon and may seek an instruction on the doctrine of res ipsa loquitur; therefore, the court enters the following order:

   The plaintiff having advised the court that she elects not to amend her pleadings to exclude the claim for negligence comprising paragraph IV of her original petition, it is ORDERED that all of the allegations of paragraph IV of plaintiff's original petition, and all allegations of damage by reason of negligence in paragraph V of plaintiff's original petition be, and the same are hereby, SEVERED from this cause of action and assigned separate docket number 94–CI–14910.

   It is FURTHER ORDERED that after severance, the severed cause number 94–CI–14910 shall be, and it is hereby, ABATED pending the final disposition of any criminal charges that may be brought against any of the defendants based on the allegations of fact contained in the severed paragraph IV of plaintiff's original petition, or until the expiration of the statute of limitations for any criminal offense with which any of the defendants could be charged on the basis of the allegations contained in the severed paragraph IV of the plaintiff's original petition, whichever occurs last.

rants correction by mandamus when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d at 917; *Professional Microfilming, Inc. v. Houston,* 661 S.W.2d 767, 769 (Tex.App.—Fort Worth 1983, orig. proceeding). For example, a trial judge has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer,* 827 S.W.2d at 840. On the contrary, if a judge, by placing a particular construction on the law, deprives a citizen of an unquestioned legal right, and there is no other adequate remedy, mandamus will lie to review his judgment or decision on the question. *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 683 (1956); *State Farm v. Wilborn,* 835 S.W.2d 260, 261 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding); *see also Joachim v. Chambers,* 815 S.W.2d 234, 240 (Tex.1991) (trial court abused discretion by misinterpreting the Code of Judicial Conduct); *NCNB Texas Nat'l Bank v. Coker,* 765 S.W.2d 398, 400 (Tex.1989) (trial court abused discretion by failing to apply proper legal standard to motion to disqualify counsel); *Eanes Indep. Sch. Dist. v. Logue,* 712 S.W.2d 741, 742 (Tex.1986) (trial court abused discretion by erroneously finding constitutional violation).

## THE FIFTH AMENDMENT PRIVILEGE

Defendant, John W. Reynolds, sought abatement of the lawsuit on the ground that he was a target of a grand jury investigation, that he had asserted his Fifth Amendment right against self-incrimination in this suit and its predecessor bill of discovery, and, according to his attorney, Reynolds did not want to be subjected to the intense light of civil discovery while the criminal investigation was pending.

◼ A party does not lose his Fifth Amendment right against self-incrimination in a civil suit. Whether or not an indictment is pending, a witness is entitled to assert this fundamental constitutional right. *See Maness v. Meyers,* 419 U.S. 449, 464, 95 S.Ct. 584, 594, 42 L.Ed.2d 574, 587 (1975) (Fifth Amendment may be asserted in any proceeding, civil or criminal, administrative or judi-

cial, investigatory or adjudicatory); *Ex parte Butler,* 522 S.W.2d 196, 198 (Tex.1975) (Texas Constitution Art. I, sec. 10, guarantees privilege against self-incrimination, "fact that the inquiry is made in the course of a civil proceeding does not interdict the witness's privilege"); *Burton v. West,* 749 S.W.2d 505, 507 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding) (defendant in drug proceeds forfeiture case permitted to assert Fifth Amendment to discovery); *Smith v. White,* 695 S.W.2d 295, 297 (Tex.App.—Houston [1st Dist.] 1985, orig. proceeding) (defendants under indictment entitled to assert Fifth Amendment rights in civil custody dispute).

◼ The assertion of the privilege against self-incrimination must be raised in response to each specific inquiry or it is waived. Each assertion of the privilege rests on its own circumstances. Blanket assertions of the privilege are not permitted. *See United States v. White,* 589 F.2d 1283, 1286–87 (5th Cir.1979); *Meyer v. Tunks,* 360 S.W.2d 518, 523 (Tex.1962). The abatement of the negligence claim while the grand jury investigates potential criminal charges is akin to a blanket assertion of the Fifth Amendment privilege. The rationale for reversals in *White* and *Meyer v. Tunks* would militate against severance and abatement on a vague assertion of constitutional privilege regarding res ipsa loquitur. The pendency of a criminal investigation, indictment, or other proceeding does not affect a contemporaneous civil proceeding based on the same facts or parties. *See McInnis, v. State,* 618 S.W.2d 389, 393 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.) (disbarment suit may proceed while indictment pending against attorney on same grounds for same offense); *see also Meyer v. Tunks,* 360 S.W.2d at 523 (no presumption that attempt to take defendant's deposition in civil case is impermissible attempt to develop evidence in concurrent criminal proceeding). The Fifth Circuit has held that putting a defendant to trial in a civil case while criminal charges arising out of the same conduct were pending did not unconstitutionally force him to choose between preserving his Fifth Amendment privilege and losing his civil suit where there was

no indication that invocation of the Fifth Amendment would necessarily result in an adverse civil judgment. *See United States v. White,* 589 F.2d 1283, 1286–87 (5th Cir.1979) (decision on whether to testify in civil case is matter of trial strategy). The *McInnis* court stated: "We find no constitutional or statutory provisions granting this appellant the right to choose the case, either criminal or civil, which he desires to first proceed to trial." *McInnis v. State,* 618 S.W.2d at 393.

■ In this case, the court severed and abated the negligence claim on the ground that plaintiff's pleadings may be construed to support a theory of res ipsa loquitur.[4] One is left, at this early stage in the proceedings, to assume that if the defendant exercises his right to silence under the Fifth Amendment, the plaintiff may, as a trial strategy, request an instruction on res ipsa loquitur on the negligence theory. Be that as it may, the United States Supreme Court distinguishes between a criminal and a civil case as to whether an inference of guilt may be drawn from a defendant's silence. It is clearly constitutional error under the Fifth Amendment to instruct a jury in a criminal case that it may draw an inference of guilt from a defendant's failure to testify about facts relevant to his case. *Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106, 110 (1965). However, "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810, 821 (1976). The Amendment "does not preclude the inference where the privilege is claimed by a *party to a civil cause.*" 8 J. Wigmore, Evidence 439 (McNaughton rev. 1961) (emphasis in original). The *Baxter* opinion lists a long line of cases which recognize "that in proper circumstances silence in the face of accusation is a relevant fact not barred from evidence by the Due Process Clause." *Baxter,* 425 U.S. at 319, 96 S.Ct. at 1558, 47 L.Ed.2d at 822. Therefore, the assertion of the privilege against self-incrimination alone does not present a legal basis for severance and abatement of the negligence claim while a criminal investigation proceeds.

## SEVERANCE

■ The severed negligence claim and the civil conspiracy claim are based upon the same factual allegations. A claim is properly severable only if

(1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues.

*Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990) (*citing Saxer v. Nash Phillips–Copus Co. Real Estate,* 678 S.W.2d 736, 739 (Tex.App.— Tyler 1984, writ ref'd n.r.e.)); Tex.R.Civ. Proc. 41. Rule 41 affords the trial court broad discretion in the matter of severance. "The controlling reasons for a severance are to do justice, avoid prejudice and further convenience." *Guaranty Fed. Sav. Bank, supra.* In this case, the third prong of the severance test is clearly missing. Relator has pled alternative theories of recovery. The severed claim is based upon the same facts and circumstances as the remaining claim. The parties are identical. While the elements of each claim are necessarily different, the proof required is all to be drawn from the same events. The severance order is interlocutory and nonappealable while the abatement is in effect.

Moreover, it is observed that the trial court's order leaves the relator free to try her civil conspiracy claim based on the same factual allegations without the restrictions the trial court has placed on the severed and abated negligence claim. The concerns advanced by the respondent to the trial court would in large measure also be present in the conspiracy trial. Severing claims into separate lawsuits without valid and sustaining reasons is not in the interest of judicial economy.

---

4. The record before us does not reflect that this theory is alleged by the plaintiff below.

**332**

## ABATEMENT

The trial court ordered the negligence claim abated pending final disposition of any criminal charges that may be brought against any of the defendants or until the statutes of limitation expire.

■ Abatement is generally an incidental ruling not susceptible to mandamus relief. *E.g., Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985) (*citing Pope v. Ferguson,* 445 S.W.2d 950, 954 (Tex.1969), *cert. denied,* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970)). Further, trial courts generally have discretion in abatement decisions. *E.g., Dolenz v. Continental Nat'l Bank of Fort Worth,* 620 S.W.2d 572, 575 (Tex.1981).

■ The trial court should consider what effect, if any, the abatement of the negligence claim will have on the plaintiff's ability to prosecute the remaining conspiracy claim. *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992) recognizes that appeal is not an appropriate remedy where the ability to present a viable claim was vitiated by a pretrial order. The negligence claim in this case is vitiated because relator is prohibited from preserving defendants' testimony through oral deposition on the negligence issues while the abatement order is in effect. As time goes on, memories will likely dim and evidence become unavailable.

■ Abating a case indefinitely, moreover, has been found to violate the open courts provisions of the Texas Constitution. *See Trapnell v. Hunter,* 785 S.W.2d 426, 429 (Tex.App.—Corpus Christi 1990, orig. proceeding). In *Trapnell,* survivors had filed a wrongful death suit against manufacturers of sulfite and foods containing it on a theory of products liability. Several months later they filed a second suit in federal court against the Navy under the Federal Tort Claims Act on theories of negligent food preparation and failure to warn. The federal case was stayed against the Navy pending completion of the products liability state case. However, the manufacturer defendants obtained an order abating the state case so they could seek intervention in the federal case. The federal district court denied their motion to intervene, nevertheless the state district court repeatedly refused to vacate his order of abatement. *Id.* at 427. The issue at the mandamus proceeding was whether the state court had a legal basis to abate the state cause in order to encourage all parties to settle their controversy in federal court. The appellate court held that the state court abatement denied the parties their right to a forum under the "open courts" clause of the Texas Constitution. *Id.* at 429.

The opinion noted that article I, section 13 of the constitution is generally not violated by abatement issued in deference to a pending suit in another court because the plaintiff may still pursue her remedy in the second court. *Id.* In *Trapnell,* both forums had been indefinitely foreclosed to the plaintiffs by court orders. "When the trial court sustains a plea in abatement, ... the plaintiff is effectively denied any other method of challenging the court's action for an indefinite period of time during which the cause of action remains in a suspended state.... A trial judge may not arbitrarily halt trial proceedings." *Id., citing Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1068 (1926); *Greenberg, Benson, Fisk and Fielder v. Howell,* 685 S.W.2d 694, 695 (Tex.App.—Dallas 1984, orig. proceeding) (citing the open courts provision of TEX. CONST. art. I, § 19).

■ The Texas Supreme Court has also reasoned that mandamus would issue to force a trial judge to go to trial because there was no remedy by appeal. *Cleveland v. Ward,* 285 S.W. at 1068. At that time a statute authorized courts of appeal to issue writs of mandamus ordering trial judges to go to trial. Article 1824 was amended in 1984 to eliminate the specific authority to order a trial judge to proceed to trial before it was codified into the current statute providing our general mandamus jurisdiction. This revision places the abatement under the general principles of law applicable to mandamus. *See* TEX. GOV'T CODE § 22.221 (Vernon 1988). However, the *Howell* case cited above, construes this change to expand an appellate court's power to order a judge to proceed to trial in a pending case. *Greenberg, Benson, Fisk and Fielder v. Howell,* 685 S.W.2d at 695.

The term of abatement in the present case is indefinite. Statutes of limitations vary. The defendant testified that he did not know how long the abatement, if granted, would last. He did not furnish the trial judge with any information as to what crimes might be charged, so it is impossible to tell what statutes of limitations might apply. Moreover, statutes of limitations are tolled while an accused is absent from the state and tolled during the pendency of an indictment. TEX.CRIM.PROC.CODE ANN. art. 12.05 (Vernon 1979). It is, therefore, impossible to determine when the abatement will end. The indefiniteness of the abatement leads us to the conclusion that the relator has no adequate remedy at law.

For these reasons we have concluded that relator is entitled to a writ of mandamus to direct the trial court to rescind its order of severance and abatement. The writ will issue only in the event the trial court fails to act accordingly.