Underwood v. Bridewell 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-121-CV

Â Â Â Â Â Â Â Â WARREN LEE UNDERWOOD,
Relator
Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â HON. WAYNE BRIDEWELL, JUDGE,
Â Â Â Â Â Â Â Â 249TH JUDICIAL DISTRICT COURT,
Â Â Â Â Â Â Â Â SOMERVELL COUNTY, TEXAS,
Respondent
 

 Original Proceeding
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â Warren Lee Underwood seeks a writ of mandamus compelling a district judge to set aside
an order abating a civil forfeiture action until a federal criminal prosecution has been completed. 
In the underlying forfeiture case, brought under Chapter 59 of the Code of Criminal Procedure,
the State seeks to forfeit $3,000, a night-vision scope, guns, a scanner, and other items. Tex.
Code Crim. Proc. Ann. arts. 59.01-.11 (Vernon Supp. 1996). 
BACKGROUND
Â Â Â Â Â Â Â Â Â Â Underwood was the subject of an on-going investigation by the S.T.O.P. Task Force ("a
multijurisdictional, multiagency task force dealing almost exclusively in illegal narcotics") and the
Somervell County Sheriff's Department. On February 29, 1996, he was arrested in Bakersfield,
California on federal charges of conspiracy to possess a controlled substance with intent to
distribute and attempted possession of a controlled substance with intent to deliver. The federal
authorities seized $102,163 when they arrested Underwood. On March 1, having obtained a
search warrant, Texas authorities searched Underwood's residence in Somervell County and seized
the items that the State seeks to forfeit. The forfeiture proceeding was filed on March 28.
Â Â Â Â Â Â Â Â Â Â Underwood filed an answer and requested discovery, including oral depositions of two
S.T.O.P. officers, interrogatories, requests for admissions, and requests for production of
documents. Tex. R. Civ. P. 166b.1. The State, fearing that the discovery would prejudice the
federal criminal proceeding, filed a plea in abatement, asking the court to abate the forfeiture
proceeding until the federal criminal case was completed. After a hearing on April 10, the
Respondent, Honorable Wayne Bridewell, signed an order granting the plea in abatement and
ordering that "all litigation and discovery should be stayed . . . until disposition of the criminal
case is completed."
CONTENTIONS
Â Â Â Â Â Â Â Â Â Â Underwood asserts that Respondent abused his discretion when he abated the action
because (1) the federal criminal proceeding in California is not related to the Texas civil forfeiture
proceeding, (2) different parties, issues, and evidence are involved, (3) no basis exists in fact or
in law for the abatement, and (4) the order presents "serious due process concerns" because he is
being deprived of his property for an indefinite time without a hearing.
Â Â Â Â Â Â Â Â Â Â The State asserted at the hearing that the abatement was necessary to prevent Underwood
from using civil discovery as a "fishing expedition" for the criminal case. In response to
Underwood's petition in this court, the State says that he cannot meet the requirements for
issuance of a writ of mandamus because he had an adequate remedy at law by filing a bond to
replevy the property and that, in any event, the abatement was within the Respondent's discretion.
STANDARD FOR DECISION
Â Â Â Â Â Â Â Â Â Â A writ of mandamus may be issued to correct a "clear abuse of discretion." Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Mandamus will not issue
where there is a clear and adequate remedy at law, such as a normal appeal. Id. at 840 (citing
State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding)). The determination of
whether a court abused its discretion is a question of law. Jackson v. Van Winkle, 660 S.W.2d
807, 810 (Tex. 1983).
Â Â Â Â Â Â Â Â Â Â Abatement is generally a discretionary, incidental ruling not susceptible to mandamus
relief. Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985). However, mandamus may be proper
when the directed course of action is the only proper course and relator has no other remedy. Id. 
An example of the issuance of a writ of mandamus to set aside an abatement order is Gebhardt v.
Gallardo, 891 S.W.2d 327, 332-33 (Tex. App.âSan Antonio 1995, orig. proceeding), where the
court held that the relator had no adequate remedy by appeal.
ANALYSIS AND DECISION
Â Â Â Â Â Â Â Â Â Â We understand the dilemma the State faces. Article 59.04 requires that a forfeiture
proceeding be filed within thirty days after property is seized. Tex. Code Crim. Proc. Ann. art.
59.04(a). Thus, the State could not wait for the criminal case to be resolved before filing its
petition for forfeiture. Because forfeiture proceedings are "civil," Underwood had the right to
institute discovery proceedings after the petition was filed. State v. Rumfolo, 545 S.W.2d 752,
754 (Tex. 1976) (proceedings are civil); Tex. R. Civ. P. 2 (civil procedural rules apply to "all
actions of a civil nature"). When he did, the State chose to seek an abatement rather than a
protective order, a choice that we believe set the stage for Respondent's abuse of discretion.
alternatives to abatement
Â Â Â Â Â Â Â Â Â Â The Rules of Civil Procedure provide that the court may, on motion, "make any order in
the interest of justice necessary to protect the movant from undue burden, unnecessary expense,
harassment or annoyance, or invasion of personal, constitutional, or property rights." Tex. R.
Civ. P. 166b.5. Under this rule, the State could have sought a protective order that (1)
Underwood not take the requested depositions of S.T.O.P. officers or that he be permitted to take
depositions that were limited in scope and (2) the offending interrogatories, requests for
admissions, and requests for production of documents not be permitted.


 Id. 166b.5.a. Such a
request would have allowed the Respondent, if he decided that the State had a legitimate interest
to protect, to tailor his order to protect that interest but not interfere with Underwood's legitimate
right to conduct discovery through means available to him under the Rules of Civil Procedure. 
Instead, by his abatement order, Respondent foreclosed all discovery and other action in the case
and, in doing so, abused his discretion.
other authority
Â Â Â Â Â Â Â Â Â Â The State relies on Money of the U.S. in Amount of $8,500 v. State as authority for the
abatement order. 774 S.W.2d 788 (Tex. App.âHouston [14th Dist.] 1989, no writ). There, the
state sought protective orders delaying interrogatories and motions for production until after a
pending state criminal prosecution was concluded. "The trial court found that as a criminal action
involving the same parties, common issues of law and fact and the same evidence was pending,
the discovery motions should be stayed until May 16, 1986." Id. at 793. On appeal, the state
asserted that the court had properly delayed discovery, arguing that "appellants should not be
permitted to take advantage of the liberal discovery procedures afforded them under civil law to
gather evidence that they would not be entitled to under the more restrictive criminal rules." Id. 
The Houston court, although noting that the points concerning discovery had been waived, found
no abuse of discretion.
Â Â Â Â Â Â Â Â Â Â We find three distinctions in Amount of $8,500: (1) the court delayed specific discovery
until a date certain; (2) the delay was granted by a protective order, not an abatement; and (3)
although the criminal case was not tried by May 16, 1986, the appealing party had not renewed
his request for the discovery prior to trial. Id. Because of these distinctions, we find that the
opinion does not control our decision in this matter.
Â 
adequate remedy at law
Â Â Â Â Â Â Â Â Â Â Because Respondent's order denied Underwood the right to all discovery, even that to
which the State had no legitimate objection, we find that neither the replevy procedure available
under Chapter 59 nor an appeal is an adequate remedy for the improper abatement. See Gebhardt,
891 S.W.2d at 332-33; Tex. Code Crim. Proc. Ann. art. 59.02(b).
CONCLUSION
Â Â Â Â Â Â Â Â Â Â Having found that Respondent abused his discretion in granting an abatement of the entire
case and that Underwood has no adequate remedy at law, we conditionally grant the writ of
mandamus directing him to vacate the order dated April 10, 1996. The writ will issue only if he
refuses to do so.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice


Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Writ conditionally granted
Opinion delivered and filed July 25, 1996
Publish



 evidence, in conducting a legal sufficiency review we review all the
evidence in the light most favorable to the finding, to determine whether
reasonable and fair-minded people could have formed a firm belief or conviction
regarding the finding being reviewed.  City of Keller, 168 S.W.3d at
827; see also Qwest IntÂl Communications, Inc. v. AT & T Corp.,
167 S.W.3d 324, 326 (Tex. 2005) (finding of malice).

When reviewing the factual sufficiency of the
evidence to support a finding required to be based on clear and convincing
evidence, we must give due consideration to any evidence the factfinder could
reasonably have found to be clear and convincing. Â J.F.C., 96 S.W.3d at
266-67.Â  We must consider the disputed evidence and determine whether a
reasonable factfinder could have resolved that evidence in favor of the finding.Â 
 Id. Â The evidence is factually insufficient if, in light of the entire
record, the disputed evidence that a reasonable factfinder could not have
credited in favor of its finding is so significant that a factfinder could not
have reasonably formed a firm conviction or belief.Â  Id. (citing In
re C.H., 89 S.W.3d 17, 25 (Tex. 2002)).Â  Both legal and factual sufficiency
reviews of a finding required to be based on clear and convincing evidence must
take into consideration whether the evidence is such that a factfinder could
reasonably form a firm belief or conviction about the truth of the matter
required to be established by clear and convincing evidence.Â  J.F.C., 96
S.W.3d at 265-66; C.H., 89 S.W.3d at 25.

In reviewing a court's factual determinations for
an abuse of discretion, we may not substitute our judgment for that of the
trial judge. Â Kiehne v. Jones, --- S.W.3d ---, No. 08-07-00075-CV, 2007 Tex. App. LEXIS 4869, at *6 (Tex. App.ÂEl Paso June 21, 2007, pet. denied).Â  We give a
great deal of deference to the trial court, as the factfinder, in its
determination of both the credibility of the witnesses and the weight of their
testimony. Â Id.; Slusher, 896 S.W.2d at 245. Â Moreover, the trial
court possesses the discretion to resolve any conflicts arising from the
evidence. Â Id.Â  Consequently, we may not overturn the trial court's ruling
unless it is apparent from the record that the trial court could have reached
only one result. Â Id.

Willet elicited testimony from Cauthen, the Walker
County Tax Assessor-Collector, who said that a voter in Texas may have more
than one residence for voting purposes.Â  But Cole presented evidence from the phone directory and public records,
including Dr. LongÂs homestead exemption affidavit, that the LongsÂ sole
residence was outside of the city at Rosenwall Road and that 1411 Fourteenth Street is only a veterinary clinic and kennel.Â  Further, Cole presented
testimony from several witnesses who corroborated those facts without
exception.Â  The witnesses had been to both locations and testified that the
Longs did not live, reside, sleep, or stay at the vet clinic.Â  No evidence was
presented that the Longs lived at the clinic; rather, the overwhelming evidence
shows that their residence was outside the city.

Because the evidence is legally and factually sufficient
to produce in the mind of the factfinder a firm belief or conviction that the Longs
did not reside in Ward One and were therefore ineligible to vote in this
election, the trial court did not abuse its discretion in overturning the
election. Â Willet does not challenge the exercise of the trial courtÂs
discretion on any other basis.Â  We overrule his third issue.

Conclusion

Having overruled all of WilletÂs issues, we affirm
the judgment of the trial court. Â 

Mandate

ColeÂs motion to issue the mandate immediately is
granted, good cause therefor having been shown.Â  The Clerk is directed to issue
the mandate at the same time as our judgment affirming the trial courtÂs
judgment.Â  Tex. R. App. P.
18.1(c).

Â 

Â 

BILL VANCE

Justice

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â Â Â  Justice Reyna

Affirmed 

Opinion delivered and
filed January 23, 2008

[CVPM]

(With regard to the
CourtÂs ruling on the motion to immediately issue the mandate, and to limit the
time before the final disposition of this proceeding, Chief Justice Gray would
shorten the time for filing a motion for rehearing to seven days after the date
of the CourtÂs judgment, ordering that any motion for rehearing must be
received at the CourtÂs offices by 3:00 PM on January 30, 2008.Â  See
Tex. R. App. P. 49.4.Â  If
the motion for rehearing is not received by the date and time so designated, he
would order that the CourtÂs mandate issue on that date.Â  See Tex. R. App. P. 18.6.Â  If a motion
for rehearing is timely filed, the mandate will issue at the time of the
disposition of the motion for rehearing.Â  Id.)









[1]
WagnerÂs correct name is Wagamon, but is
referred to throughout the record as Wagner.Â  We will refer to him as Wagner for
consistency.





[2] The origin of the requirement that the plaintiff in an election
contest prove the allegations by clear and convincing evidence is not clear to
us.Â  We find no such requirement in the applicable part of the Election Code.Â  Tex. Elec. Code Ann. Â§ 221.003 (Vernon
2003).Â  The earliest case we have found imposing the burden is Johnston v.
Peters, 260 S.W. 911, 916 (Tex. Civ. App.ÂSan Antonio 1924, no writ).Â 
Thus, it appears to be a judge-made rule.Â  Nevertheless, we have followed the
majority of election-contest cases in reviewing this appeal under the higher
standard.

Â 





[3] That finding is: ÂDr. Basil Long, DVM and Carolyn
Long did not reside at 1411 14th Street in Huntsville, Texas, a veterinary
clinic.Â  Instead, at the time of the subject election, they resided in their
publicly declared residence home at 428 Rosenwall Road, north and outside of
Ward One and the city limits of Huntsville.ÂÂ  





[4] We review WilletÂs sufficiency
complaints under an abuse of discretion standard of review.Â  See In re
Z.A.T., 193 S.W.3d 197, 202-04 (Tex. App.ÂWaco 2006, pet. denied); In re
A.C.S., 157 S.W.3d 9, 20 (Tex. App.ÂWaco 2004, no pet.).Â  When a finding of
fact is challenged and the standard of review is abuse of discretion, legal and
factual sufficiency are factors that can be considered in determining whether
an abuse of discretion has occurred.Â  A.C.S., 157 S.W.3d at 20.

Â