

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00563-CV

**IN THE INTEREST OF G.V.S.**, et al., Children

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01818
Honorable Karen H. Pozza, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed: December 19, 2018

AFFIRMED

This is a parental termination case in which appellants, mother ("Mother") and father ("Father"), separately appeal the trial court's order terminating their parental rights to their children. On appeal, Mother challenges the sufficiency of the evidence, arguing the evidence is legally and factually insufficient to support the trial court's findings pursuant to section 161.001(b)(1)(D), (E), and (M). Father argues the evidence is legally and factually insufficient to support the trial court's finding that termination was in the best interest of the child. We affirm the trial court's order.

## BACKGROUND

On August 14, 2017, the Texas Department of Family and Protective Services filed a petition to terminate Mother's and Father's parental rights to G.V.S. and N.D. Mother is the parent

of G.V.S.[1] and N.D.  Father is the parent of N.D.  A bench trial was held on August 3, 2018.  At the time of trial, G.V.S. was two years old and N.D. had just turned one year old.  The Department caseworker testified that N.D. tested positive for neurosyphilis at birth.  Mother tested positive for marijuana upon entering the hospital to deliver N.D.  Mother told the Department that she used marijuana while pregnant with N.D. to help ease the nausea she experienced during pregnancy.  Mother also told the Department she could not handle N.D.'s medical care and was in the process of allowing another family to adopt her.

The Department caseworker further testified that the Department prepared a service plan for Mother which required her to complete a drug assessment and follow any recommendations from that assessment.  She was required to complete individual counseling and parenting classes.  She was also required to maintain stable employment and housing.  Finally, she was required to submit to random drug testing.  The caseworker stated that Mother did complete the drug assessment but failed to follow through with the recommended in-patient drug treatment.  Mother failed to provide proof that she had completed the parenting classes.  Based on hair follicle testing, the caseworker believed that Mother was continuing to use drugs.  Mother was ordered to submit to drug testing on 41 occasions but only attended 16.  She visited G.V.S. eleven times during the almost one year that the case was pending.  The caseworker did not have knowledge of any visits between Mother and N.D. while the case was open.

The caseworker testified that she believed Mother could not meet the children's emotional and physical needs because "she is having a difficult enough time dealing with her life now as it is" and is constantly having emotional and financial problems and does not have stable housing.  In addition, Mother had not addressed the fact that she was still using drugs.

---

[1] G.V.S.'s birth father was deceased at the time of trial.

As to Father, the caseworker testified that the Department prepared a service plan for him and that he failed to attend individual counseling and did not submit to drug testing. Father was incarcerated for all but three months of the case. During those three months, he did inquire with the caseworker about N.D. and stated he was going to help Mother complete her services to get N.D. back. The caseworker did not believe that Father had bonded with N.D. or was able to parent N.D. She also had concerns regarding Father's past criminal activity, including domestic violence charges, and drug use.

The caseworker testified that G.V.S. is in a foster-to-adopt home and has been there since August 2017. She is extremely bonded to her caregivers and is thriving in the placement. The foster parents are willing to adopt and the Department planned for G.V.S. to be adopted by them. N.D. is in a fictive kin placement and is also bonded with her caregivers. The family cared for her while she was in the hospital and she is now exceeding her goals developmentally. The family is willing to adopt N.D.

Mother testified that she had not completed her family service plan due to a family emergency. She did not visit N.D. because her visits were contingent upon her taking a drug test and she refused to submit to the drug tests. She claimed that she was asked to test in front of a man and did not want to urinate in front of him. Mother stated she had given birth to nine children and had so far lost her parental rights to all but three. Mother works as a housekeeper at a hotel. She was scheduled to move into an apartment on the day of trial and believed that she had everything she needed to care for her daughters. Mother was taking parenting classes but had not yet completed the course.

Father testified that he was currently in jail. The Department created a service plan for him and he signed the plan, but did not read the document before signing. He completed a parenting class. Father admitted he had seen N.D. only one time, after her birth in the hospital. The

Department never told him he could visit. Father was unaware that Mother used marijuana while pregnant with N.D. and denied ever using drugs with Mother. Father conceded that he is unable to care for the child while in jail. Father exercised his Fifth Amendment right against self-incrimination and declined to answer questions regarding his criminal history.

After hearing the testimony and argument of counsel, the trial court terminated Mother's parental rights pursuant to section 161.001(b)(1)(D), (E), (M), (N), (O), and (P). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (M), (N), (O), (P). The trial court terminated Father's parental rights pursuant to section 161.001(b)(1)(N), and (O). *Id*. § 161.001(b)(1)(N), (O). The trial court found that termination of parental rights was in the best interest of the children. Mother and Father separately appealed to this court.

## STANDARD OF REVIEW AND STATUTORY REQUIREMENTS

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See id.* §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found clear and convincing evidence of six predicate grounds to terminate Mother's parental rights and two predicate grounds to terminate Father's parental rights; the trial court also found termination of both Mother's and Father's parental rights was in the best interest of the children.

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standard of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under this standard, the trial court is the sole judge of the weight and credibility of the evidence, including the testimony of the witnesses. *In re H.R.M.*, 209 S.W.3d 105, 109 (Tex. 2006) (per curiam).

**MOTHER'S APPEAL**

On appeal, Mother challenges only the sufficiency of the evidence to support three of the six predicate findings made by the trial court. When, as here, the trial court terminates a parent's rights on multiple predicate grounds, we may affirm on any one ground. *In re A.V.*, 113 S.W.3d at 362; *In re D.J.H.*, 381 S.W.3d 606, 611–12 (Tex. App.—San Antonio 2012, no pet.). And, because we may affirm on any one ground, Mother's failure to challenge the sufficiency of the evidence to support the trial court's findings on the remaining three predicate grounds waives any complaint regarding the sufficiency of the evidence to support those predicate grounds. *See In re T.A.P., Jr.*, No. 04–17–00137–CV, 2017 WL 3044570, at *3 (Tex. App.——San Antonio July 19, 2017, no pet.) (mem. op.); *In re C.A.P.*, No. 04–12–00553–CV, 2013 WL 749825, at *4 (Tex. App.——San Antonio Feb. 27, 2013, pet. denied) (mem. op.); *In re C.P.V.Y.*, 315 S.W.3d 260, 269 (Tex. App.—Beaumont 2010, no pet.); *see also In re K.L.G.*, No. 14–09–00403–CV, 2009 WL 3295018, at *2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2009, no pet.) (mem. op.) (unchallenged predicate findings are binding on appellate court). Therefore, because the unchallenged predicate grounds support the termination of Mother's parental rights, and because Mother does not challenge the best interest finding on appeal, we overrule Mother's issues on appeal. *See In re A.V.*, 113 S.W.3d at 362; *see also* TEX. R. APP. P. 47.1.

**FATHER'S APPEAL**

Father argues the evidence is legally and factually insufficient to support the trial court's finding that termination was in the best interest of N.D. In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the

programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). "A trier of fact may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

Here, the evidence showed that Father was incarcerated at the time of trial and invoked his Fifth Amendment right not to testify when asked about his prior criminal history and his pending criminal charges, which included charges concerning possession, forgery, theft, and burglary. The Fifth Amendment, however, does not forbid adverse inferences against witnesses in civil actions. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Gebhardt v. Gallardo*, 891 S.W.2d 327, 331 (Tex. App.—San Antonio 1995, no pet.). Thus, the trial court, as fact finder, was free to draw negative inferences regarding Father's criminal history based on his refusal to answer questions relating to those issues. *See In re V.J.G.*, No. 07-12-00541-CV, 2013 WL 1224897, at *3 n.3 (Tex. App.—Amarillo Mar. 26, 2013, no pet.) (mem. op.); *see also In re D.J.W.*, 394 S.W.3d 210, 220 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (concluding that parental conduct occurring before and after child has been removed by Department may be considered in determining whether termination is justified).

A parent's criminal activities and history are also relevant to a best interest analysis—specifically to the emotional and physical danger to the child. *In re K.L.P.*, No. 04–17–00253–

CV, 2017 WL 4014613, at *5 (Tex. App.—San Antonio Sept. 13, 2017, no pet.) (mem. op.). At the time of trial, Father was incarcerated and facing criminal charges, which is relevant in that it tends to establish a course of conduct endangering the emotional and physical well-being of the child. *Id.* Moreover, the evidence at trial showed Father had a history of criminal conduct. Criminal conduct, prior convictions, and incarceration affects a parent's life and his ability to parent, thereby subjecting his child to potential emotional and physical danger. *Id.* This is yet another consideration for the factfinder in making a best interest determination.

Further, Father had seen N.D. only one time in her life. *See K.M. v. Tex. Dep't of Family & Protective Servs.*, 388 S.W.3d 396, 405 (Tex. App.—El Paso 2012, no pet.) (discussing parent's failure to visit child as factor supporting finding that termination was in child's best interest). Meanwhile, there was evidence that N.D. was bonded to her foster family. *See In re J.D.*, 436 S.W.3d 105, 118 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (when a child is unable to express her desires, a factfinder may consider that she has bonded with her foster family, is well cared for by them, and has spent minimal time with the parent). Father claims he was not aware he was allowed to visit N.D., yet the caseworker testified that she informed Father he was required to submit to drug testing as a condition to visiting N.D., but he refused to test. The trial court was free to disbelieve Father's testimony that he was not told he could visit N.D. *See In re L.M.I.*, 119 S.W.3d 707, 712 (Tex. 2003).

The evidence further showed Father failed to complete most of the services on his family service plan. *See In re S.B.*, 207 S.W.3d 877, 887-88 (Tex. App.—Fort Worth 2006, no pet.) (considering the failure to comply with a family service plan as support for finding that termination is in child's best interest). Father signed the service plan on November 9, 2017 and it was filed with the trial court on November 13, 2017. The caseworker testified that Father failed to attend

individual counseling, provide a urinalysis test, or submit to DNA testing to establish his paternity. *See id.*

Having reviewed the evidence admitted at trial, we hold a factfinder could have reasonably formed a firm belief or conviction that termination of Father's parental rights is in N.D.'s best interest. *See In re J.F.C.*, 96 S.W.3d at 266. We therefore hold there is legally and factually sufficient evidence to support the trial court's best-interest finding.

## CONCLUSION

Based on the foregoing, we affirm the trial court's order terminating Mother's and Father's parental rights.

Rebeca C. Martinez, Justice