

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00647-CV

**IN RE** Denise Marie **RAMOS**

Original Mandamus Proceeding[1]

Opinion by:    Lori I. Valenzuela, Justice

Sitting:      Luz Elena D. Chapa, Justice
            Beth Watkins, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: January 18, 2023

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND DENIED IN PART

In this original mandamus proceeding, relator Denise Marie Ramos complains the trial court erred by: (1) granting real party in interest Reynaldo Esparza Jr.'s motion to sever; (2) abating the underlying suit until the resolution of an unfiled appeal; and (3) improperly removing a lis pendens filed by Ramos. We conclude the trial court did not abuse its discretion by ordering the severance. However, we hold the trial court erred by abating the underlying suit until the appellate court "ruled" on the severed causes of action. Additionally, we conclude the trial court did not order the removal of the lis pendens filed by Ramos. Therefore, we conditionally grant in part and deny in part Ramos's petition for writ of mandamus.

---

[1] This proceeding arises out of Cause No. 2018-CI-21009, styled *In the Matter of the Marriage of Denise Marie Ramos and Reynaldo Esparza Jr*, pending in the 407th Judicial District Court, Bexar County, Texas. The Honorable Laura Salinas signed the order at issue.

**BACKGROUND**

In the underlying divorce action, Ramos asserted several causes of action against Esparza. Esparza answered and filed a counterclaim. Subsequently, Esparza moved for summary judgment on Ramos's causes of action for common law marriage, breach of contract, quantum meruit, and statutory real estate fraud. The trial court granted Esparza's motions for summary judgment.[2] As a result, the only causes of action remaining were Ramos's common law fraud claim and Esparza's counterclaim for fraud.

Esparza moved to sever the causes of action that had been disposed of by summary judgment from Ramos's common law fraud claim and his counterclaim. In his motion, Esparza argued Ramos had repeatedly represented that she will appeal the summary judgment orders so "it would serve judicial economy" to abate her common law fraud claim and his counterclaim until the outcome of any appeal.[3] If the trial court did not order the severance, Esparza maintained it would be "prejudicial, cause undue hardship, expense, and delay" because a successful appeal by Ramos would "change[] the character of [Ramos's] common law claim." Additionally, Esparza requested the trial court remove a lis pendens filed by Ramos.

On August 30, 2022, after a hearing on Esparza's motion, the trial court granted severance and abated Ramos's common law fraud claim and Esparza's counterclaim until the conclusion of an appeal on the severed causes of action (the August 30 order). Subsequently, Ramos filed a petition for writ of mandamus challenging the August 30 order. We requested responses from the trial court and Esparza. No responses were filed.

---

[2] Esparza filed two separate motions for summary judgment, both of which were respectively granted on December 3, 2019 and August 17, 2021.

[3] The record does not reflect an appeal has been filed from the underlying suit.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy that is not available as a matter of right. *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). For mandamus relief to be appropriate, a relator must show the trial court committed an abuse of discretion and that there is no adequate remedy by appeal. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

## SEVERANCE

Severance divides a lawsuit into two or more separate and independent causes of action. *See Hall v. City of Austin*, 450 S.W.2d 836, 837-38 (Tex. 1970) (per curiam). Texas courts order severance "to avoid prejudice, do justice, and increase convenience." *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding). "Parties and actions may be severed at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just." *State Dep't of Highways & Pub. Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993) (per curiam); *see* TEX. R. CIV. P. 41. Although a trial court retains broad discretion in the realm of severance, a trial court cannot sever a case after it has been submitted to the trier of fact. *See Cotner*, 845 S.W.2d at 819; *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990).

Ramos argues the trial court untimely granted severance of the claims disposed of by summary judgment because those causes of action had already been tried by the trial court. Ramos's causes of action for common law marriage, breach of contract, quantum meruit, and statutory real estate fraud were disposed of by summary judgment. Summary judgment is proper

where there are no disputed issues of fact, and the moving party is entitled to judgment as a matter of law. *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). By its very nature, the trial court does not act as the finder of fact in a summary judgment proceeding. *See Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex. 2000). Ramos has not furnished this court with any authority supporting her argument that the grant of a summary judgment may be construed as a submission to the finder of fact. *See Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 526 (Tex. 1982); *cf. In re El Paso Cnty. Hosp. Dist.*, 979 S.W.2d 10, 12 (Tex. App.—El Paso 1998, orig. proceeding) (finding the underlying suit had been submitted where the parties presented the trial court with stipulated facts and requested a judgment). Therefore, based on the arguments presented, we conclude the trial court did not abuse its discretion when it severed Ramos's common law marriage, breach of contract, quantum meruit, and statutory real estate fraud causes of action after the summary judgment proceedings.[4]

## ABATEMENT

We must next determine whether the trial court erred by abating Ramos's common law fraud claim and Esparza's counterclaim until the appellate court ruled. Under these particular facts, we hold the trial court erred.

Generally, abatement is an incidental ruling not subject to mandamus relief. *See Gebhardt v. Gallardo*, 891 S.W.2d 327, 332 (Tex. App.—San Antonio 1995, no writ). However, a trial court abuses its discretion when it arbitrarily abates a proceeding for an indefinite period of time. *See In re Sims*, 88 S.W.3d 297, 306 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Baldridge*, No. 04-16-00011-CV, 2016 WL 1128236, at *2 (Tex. App.—San Antonio Mar. 23, 2016, orig.

---

[4] Ramos posed an additional argument in her petition alleging she is without an adequate appellate remedy for the improper severance by the trial court. Because we conclude the trial court acted within its discretion based on the arguments presented, we do not reach her remaining arguments on appellate adequacy. *See* TEX. R. APP. P. 47.1.

proceeding) (mem. op.). Even when an order is not indefinite on its face, "when the order of abatement vitiates another party's ability to prosecute and present a viable claim, [an] ordinary appeal may not provide an adequate remedy for an abuse of the trial court's discretion." *In re Baldridge*, 2016 WL 1128236, at *2 (citing *Gebhardt*, 891 S.W.2d at 332).

The August 30 order abated Ramos's common law fraud claim and Esparza's counterclaim until "the [a]ppellate [c]ourt has ruled on the severed causes of action." The deadline for Ramos to file an appeal began when the trial court signed the August 30 order. *See* TEX. R. APP. P. 26.1. Ramos did not timely file a notice of appeal to invoke appellate court jurisdiction so there will never be an appellate court "ruling." Therefore, the trial court erred, and Ramos is without an adequate remedy by appeal, when it ordered the indefinite abatement of Ramos's common law fraud claim and Esparza's counterclaim. *See Gebhardt*, 891 S.W.2d at 333; *In re Baldridge*, 2016 WL 1128236, at *2-3.

### LIS PENDENS

Finally, Ramos argues the trial court abused its discretion by improperly removing her lis pendens. We disagree. The August 30 order is titled "Order on Motion for Severance and Removal of Les Pendis [sic]." The order contains recitals and two decretal paragraphs. Both decretal paragraphs pertain to the severance and abatement of Ramos's causes of action and Esparza's counterclaim. An order's substance, and not its title, controls its enforceability. *See Shetewy v. Mediation Inst. of N. Tex., LLC*, 624 S.W.3d 285, 288 (Tex. App.—Fort Worth 2021, no pet.). "The factual recitations or reasons preceding the decretal portion of a judgment form no part of the judgment itself." *Redwine v. Peckinpaugh*, 535 S.W.3d 44, 49 (Tex. App.—Tyler 2017, no pet.). To be operative, the order's language must clearly show a judicial action. *See id.*

The August 30 order does not contain any decretal language ordering the removal of Ramos's lis pendens. Notwithstanding the order's title and recitation of the title of Esparza's

motion, the August 30 order took no judicial action on Ramos's lis pendens. *See Shetewy*, 624 S.W.3d at 288. Therefore, we deny Ramos relief on this issue.

### CONCLUSION

We hold the trial court erred by ordering the abatement of the underlying proceeding pending an appellate ruling on Ramos's severed causes of action. Therefore, we conditionally grant Ramos's requested relief in accordance with this opinion and direct the trial court to vacate the abatement decretal paragraph in its "Order on Motion for Severance and Removal of Les Pendis" [sic] within fifteen days of this opinion. The writ will issue only if the trial court fails to comply.

Lori I. Valenzuela, Justice