**In re Buzz M. SPEER d/b/a B. Speer and Associates.**

No. 2–97–350–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 27, 1998.

Rehearing Overruled April 9, 1998.

Jeffrey Kobs, Fort Worth, for Respondent.

Theodore W. Daniel, Dallas, Randy Agnew, Fort Worth, for Real Parties of Interest.

Before LIVINGSTON, RICHARDS and BRIGHAM, JJ.

## OPINION

RICHARDS, Justice.

### I. INTRODUCTION

In this discovery dispute, Buzz Speer seeks mandamus review of a trial court order finding that Speer waived his privilege against self-incrimination by answering five interrogatories. The trial court ordered Speer to answer all remaining interrogatories and to produce requested documents *in camera*. Because we find that Speer did not waive his privilege against self-incrimination, we conditionally grant mandamus relief as to the interrogatories. However, we deny mandamus relief as to the document production.

### II. FACTUAL BACKGROUND

The real party in interest, First State Bank of Texas, seeks to recover a money judgment against Speer based on allegations of breach of contract and fraud arising from a series of dishonored drafts. It is undisputed that the same transactions are also the subject of a criminal investigation and may lead to a criminal prosecution.

The Bank served Speer with requests for admissions, requests for production of documents, and interrogatories. Speer denied all of the requests for admissions. He answered interrogatories regarding persons with knowledge of relevant facts, persons who assisted in answering the interrogatories, and experts. He also answered the following interrogatories inquiring about his relationship with a co-defendant in the civil case:

INTERROGATORY NO. 10: Describe your relationship with Metro?
ANSWER: None.

. . . .

INTERROGATORY NO. 13: State whether you currently are doing business with Metro. If so, describe the nature of the business, extent of the business, and whether Metro is honoring its drafts made payable to you.

ANSWER: No.

Speer raised numerous objections to the other interrogatories and to the requests for production of documents; however, the privilege against self-incrimination was not one of them.

The trial court granted the Bank's first motion to compel. In his subsequent, supplemental responses, Speer objected to the unanswered interrogatories and the requests for production of documents by asserting, for the first time, "his priviledge [sic] under Section 10, Article I of the Texas Constitution and the Fifth Amendment of the United States Constitution."

The Bank filed a second motion to compel. The written motion asserted that Speer waived his self-incrimination objections by answering the requests for admission; however, at the hearing the Bank argued that Speer waived his right to assert the privilege because he had answered some of the interrogatories. Without conducting a hearing to determine whether the privilege could be asserted as to each interrogatory for which it was raised, the trial court summarily found that Speer waived his privilege against self-incrimination. The trial court explained that its ruling was based "more" on the five interrogatory answers than it was on answers to the requests for admissions. The trial court ordered Speer to answer all of the unanswered interrogatories and to produce the requested documents *in camera*.

### III. STANDARD OF REVIEW

 In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable to amount to a clear and prejudicial error of law. *See id.* at 839.

With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the trial court could reasonably have reached only one decision and the trial court's decision is shown to be arbitrary and unreasonable. *See id.* at 839–40.

Our review is much less deferential with respect to a trial court's determination of the legal principles controlling its ruling, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *See id.*

Finally, mandamus will issue only where there is no adequate remedy at law, such as a normal appeal. *See id.* Mandamus is appropriate for constitutional protections like the privilege against self-incrimination that an appeal could not adequately protect. *See Tilton v. Marshall,* 925 S.W.2d 672, 682 (Tex.1996) (orig.proceeding); *Gebhardt v. Gallardo,* 891 S.W.2d 327, 329–30 (Tex.App.—San Antonio 1995, no writ).

## IV. THE PRIVILEGE AGAINST SELF–INCRIMINATION

### A. The Rule

Both the United States Constitution and the Texas Constitution guarantee an accused the right not to be compelled to testify or give evidence against himself. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 10. A party does not lose this fundamental constitutional right in a civil suit. *See Maness v. Meyers,* 419 U.S. 449, 464, 95 S.Ct. 584, 594, 42 L.Ed.2d 574, 587 (1975) (Fifth Amendment may be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory); *Texas Dep't of Public Safety Officers Ass'n v. Denton,* 897 S.W.2d 757, 760 (Tex.1995); *Ex parte Butler,* 522 S.W.2d 196, 198 (Tex.1975). Thus, the privilege against self-incrimination may be asserted in civil cases "wherever the answer might tend to subject to criminal responsibility him who gives it." *Denton,* 897 S.W.2d at 760.

Since the pending suit is strictly a civil suit, it was entirely proper for the Bank to serve Speer with discovery. Upon becoming a witness, however, Speer retains his privilege against self-incrimination and he has the right to assert the privilege to avoid civil discovery if he reasonably fears the answers would tend to incriminate him. *See Denton,* 897 S.W.2d at 760; *Butler,* 522 S.W.2d at 197–98; *Meyer v. Tunks,* 360 S.W.2d 518, 521–22 (Tex.1962).

### B. The Test

In a civil suit, the witness's decision to invoke the privilege against self-incrimination is not absolute. Instead, the trial court is entitled to determine whether assertion of the privilege appears to be based upon the good faith of the witness and is justifiable under all of the circumstances. *See Butler,* 522 S.W.2d at 198. The inquiry by the court is necessarily limited because the witness need only show that a response is likely to be hazardous to him. The witness cannot be required to disclose the very information which the privilege protects. *See id.* at 198. Before the trial court may compel the witness to answer, he must be " 'perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer(s) cannot possibly have such tendency' to incriminate." *Id.* (quoting *Hoffman v. United States,* 341 U.S. 479, 488, 71 S.Ct. 814, 819, 95 L.Ed. 1118, 1125 (1951)).

Thus, each question for which the privilege is claimed must be studied and the court must forecast whether an answer to the question could tend to incriminate the witness in a crime. In some instances, the ramifications of answering will be apparent; in others, not so apparent. It is the latter situation that presents a difficult problem, because the witness must reveal enough to demonstrate hazard without revealing the very information he or she seeks to conceal. *See Warford v. Beard,* 653 S.W.2d 908, 911 (Tex.App.—Amarillo 1983, no writ). When the witness has given the reasons for refusing to answer, the judge must then evaluate

those reasons by the high standard of review set forth in the preceding paragraph. *See id.* It is the trial court's duty to consider the witness's evidence and argument on each individual question and determine whether the privilege against self-incrimination is meritorious. *See Burton v. West,* 749 S.W.2d 505, 508 (Tex.App.—Houston [1st Dist.] 1988, no writ).

## C. Waiver

The trial court seems to be basing its waiver finding on an analogous situation in criminal cases. When a criminal defendant voluntarily testifies in his own behalf, he is subject to the same rules of cross-examination as any other witness. *See Guzmon v. State,* 697 S.W.2d 404, 408 (Tex.Crim.App.1985) cert. denied, 475 U.S. 1090, 106 S.Ct. 1479, 89 L.Ed.2d 734 (1986); *Hilliard v. State,* 881 S.W.2d 917, 921 (Tex.App.—Fort Worth 1994, no writ). In that situation, if a criminal defendant voluntarily states a part of the testimony, he waives his right against self-incrimination and cannot afterwards assert the privilege to suppress other testimony even if that testimony would incriminate him. *See Ikeda v. State,* 846 S.W.2d 519, 521 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

The same reasoning does not apply in civil cases. Because of the difference between the civil and criminal context, the United States Supreme Court allows juries in civil cases to make negative inferences based upon the assertion of the privilege. *See Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810, 821 (1976). *See also Denton,* 897 S.W.2d at 760; *Gebhardt,* 891 S.W.2d at 331. And as previously discussed, the civil witness, unlike the defendant in a criminal case, is not the exclusive arbiter of his right to exercise the privilege. *See Warford,* 653 S.W.2d at 911. Furthermore, the assertion of the privilege against self-incrimination must be raised in response to each specific inquiry or it is waived. *See Gebhardt,* 891 S.W.2d at 330. Each assertion of the privilege rests on its own circumstances and blanket assertions of the privilege are not allowed. *See id.* Thus, a civil defendant can be forced to choose between

asserting his privilege against self-incrimination or losing his civil suit. *See id.* at 330–31.

Because the privilege against self-incrimination must be asserted selectively in civil litigation, it follows that selective assertion of the privilege does not result in waiver. *See id.* at 330. For example, filing a verified denial does not constitute waiver of a civil defendant's right to subsequently assert the privilege against self-incrimination in response to interrogatories. *See Burton,* 749 S.W.2d at 508. Answering all deposition questions but one does not constitute waiver of a civil defendant's right to assert the privilege. *See Butler,* 522 S.W.2d at 198–99. *See also Warford,* 653 S.W.2d at 910, 912 (answering only a few deposition questions does not waive the right to assert the privilege as to other deposition questions). Likewise, we find that answering five interrogatories does not result in waiver of Speer's right to assert the privilege against self-incrimination in response to the objected to interrogatories.

We further find that Speer did not waive his privilege against self-incrimination by denying the requests for admissions. Texas Rule of Civil Procedure 169 expressly provides protection to a party in Speer's predicament: "Any admission made by a party under this rule is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding." Therefore, a party may not assert the privilege against self-incrimination as a reason for refusing to answer requests for admission. *See Katin v. City of Lubbock,* 655 S.W.2d 360, 363 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.). Speer did not do so, and his compliance with the law did not result in waiver of the right to assert the privilege as to other requested discovery.

We find that the trial court abused its discretion in ruling that Speer waived his right to assert the privilege against self-incrimination and consequently ordering Speer to answer the remaining interrogatories. It is the trial judge's duty to consider Speer's evidence and argument on each individual question and determine whether the

privilege against self-incrimination is meritorious. *See Burton,* 749 S.W.2d at 508; *Warford,* 653 S.W.2d at 913. There is no evidence in the record before us that the trial court allowed Speer to present any evidence to support his discovery objections based on the privilege against self-incrimination. Instead, the trial court summarily ruled that Speer had waived the privilege, and, therefore, must answer the outstanding discovery.

We conditionally grant mandamus relief in the event the trial court does not withdraw its previous ruling as to the interrogatory answers, conduct a meaningful hearing on the merits of Speer's assertion of the privilege against self-incrimination, and, applying the standard of review set forth in section IV.B, make individual findings for each interrogatory objected to on the basis of the privilege against self-incrimination.

### D. Document Production

■■■■■■ The privilege against self-incrimination also applies to documentary evidence: " '[T]he seizure of a man's private books and papers to be used in evidence against him' is not 'substantially different from compelling him to be a witness against himself.' " *Warford,* 653 S.W.2d at 912, quoting *Boyd v. United States,* 116 U.S. 616, 633, 6 S.Ct. 524, 534, 29 L.Ed. 746, 752 (1886). *See also Wielgosz v. Millard,* 679 S.W.2d 163, 166–67 (Tex. App.—Houston [14th Dist.] 1984, no writ). However, in order to be privileged, the incriminating documents must have a strong personal connection to the witness, *i.e.,* documents "which he himself wrote or which were written under his immediate supervision." *Warford,* 653 S.W.2d at 912. It follows that documents belonging to or prepared by others are not protected, even if they contain incriminating matters. *See id.,* citing *Fisher v. United States,* 425 U.S. 391, 399, 96 S.Ct. 1569, 1575, 48 L.Ed.2d 39, 49 (1976).

At the hearing, Speer's counsel recognized this distinction between protected and unpro-

tected documents.[1] He further admitted that Speer's selfincrimination privileges could be adequately safeguarded by tendering the documents to the court for an *in camera* inspection even though he believed such process to be "burdensome" and "needlessly time consuming."

■■■■ We find that the trial court did not abuse its discretion in ordering Speer to produce the requested documents *in camera.* Therefore, we deny mandamus relief as to the production of documents.

### V. CONCLUSION

We conditionally grant mandamus relief as to the trial court's order that Speer answer interrogatories over his objections based on the privilege against self-incrimination and direct the trial court to conduct a hearing on those objections in accordance with the procedures set forth in this opinion. We deny mandamus relief as to the trial court's order that Speer produce requested documents *in camera.*

---

1. Speer's counsel's arguments acknowledge how the privilege against self-incrimination applies to the production of documents in civil cases:

 [T]here may be documents that are created by third parties that are not subject to a self-incrimination privilege. But, certainly, there are documents that would be subject to such a privilege.

 So, I'm unclear as to what producible documents the Plaintiff might desire, other than the personal records and the notations and the accountings and the financial paperwork that was created by Mr. Speer, all of which are privileged.