In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-03-475 CV


____________________



IN RE: THE COMMITMENT OF GEORGE LOWE






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Court Cause No. 02-12-07920-CV






OPINION


 The State of Texas filed a petition to commit George Lowe as a sexually violent
predator. See Tex. Health & Safety Code Ann. §§ 841.001-.147 (Vernon 2003 and
Supp. 2004-05). A jury found Lowe suffers from a behavioral abnormality making him
likely to engage in a predatory act of sexual violence, and found Lowe has serious
difficulty in controlling his sexually violent behavior. The trial court entered a final
judgment and order of civil commitment. Lowe presents four issues for appellate review. 

 In his first issue, Lowe contends the SVP statute is punitive. We have addressed
and rejected this argument in other cases. See Beasley v. Molett, 95 S.W.3d 590, 607-08
(Tex. App.--Beaumont 2002, pet. denied); In re Commitment of Graham, 117 S.W.3d 514,
514-15 (Tex. App.--Beaumont 2003, pet. denied); In re Commitment of Larkin, 127
S.W.3d 930, 931 (Tex. App.--Beaumont 2004, no pet.); In re Castillo, 144 S.W.3d 655,
656 (Tex. App.--Beaumont 2004, no pet.). For the same reasons, we reject Lowe's
argument here. Issue one is overruled.

 In his second issue, Lowe contends certain portions of the SVP statute and the final
judgment and order of commitment entered thereunder are unconstitutionally vague and,
therefore, violate his due process rights. Lowe complains specifically of Section
841.082(a). See Tex. Health & Safety Code Ann. § 841.082(a) (Vernon Supp. 2004-05). We have considered and rejected this and similar arguments in previous cases, and
for the same reasons reject Lowe's argument here. See Beasley, 95 S.W.3d at 608-10; 
see also In re Commitment of Mullens, 92 S.W.3d 881, 887-888 (Tex. App.--Beaumont
2002, pet. denied). Issue two is overruled.

 In his third issue, Lowe argues Section 841.082(d) of the Texas Health and Safety
Code is void for vagueness. (1) Section 841.082(d) provides:

 Immediately after the case becomes final for purposes of appeal, the judge shall
transfer jurisdiction of the case to a district court, other than a family district court,
having jurisdiction in the county in which the person is residing, except that the
judge retains jurisdiction of the case with respect to a civil commitment proceeding
conducted under Subchapters F and G.


Tex. Health & Safety Code Ann. § 841.082(d) (Vernon Supp. 2004-05). Lowe
contends "[t]he vagueness of the statute creates uncertainty as to where [Lowe] and other
SVPs are required to file appeal." According to Lowe, section 841.082(d) purports to
transfer appellate jurisdiction to another appellate district, contrary to the jurisdictional
provisions of Section 22.201(j) of the Texas Government Code and the Texas Constitution. 
See Tex. Gov't Code Ann. § 22.201(j) (Vernon 2004); see Tex. Const. art. V, § 6. 

 Words not defined in a statute are given their plain meaning, read in context, and
construed according to the rules of grammar and common usage. See Tex. Gov't Code
Ann. § 311.011(a) (Vernon 1998); see also Waldie v. State, 923 S.W.2d 152, 157 (Tex.
App.--Beaumont 1996, no pet.). We presume the legislature intends a just and reasonable
result, a result feasible of execution, and the entire statute to be effective. See Tex. Gov't
Code Ann. § 311.021 (2), (3), (4) (Vernon 1998). We further presume the legislature
enacted the statute with knowledge of and with reference to existing law. Acker v. Texas
Water Comm'n, 790 S.W.2d 299, 301 (Tex. 1990). 

 The legislature made the following findings in support of a civil commitment
procedure for the long-term supervision and treatment of sexually violent predators:

 The legislature finds that a small but extremely dangerous group of
sexually violent predators exists and that those predators have a behavioral
abnormality that is not amenable to traditional mental illness treatment
modalities and that makes the predators likely to engage in repeated
predatory acts of sexual violence. The legislature finds that the existing
involuntary commitment provisions of Subtitle C, Title 7, are inadequate to
address the risk of repeated predatory behavior that sexually violent
predators pose to society. The legislature further finds that treatment
modalities for sexually violent predators are different from the traditional
treatment modalities for persons appropriate for involuntary commitment
under Subtitle C, Title 7. Thus, the legislature finds that a civil commitment
procedure for the long-term supervision and treatment of sexually violent
predators is necessary and in the interest of the state. (footnote omitted).

 

Tex. Health & Safety Code Ann. § 841.001 (Vernon 2003). The provision at issue is
found in Section 841.082 of the Health and Safety Code. That section provides as follows:

 (a) Before entering an order directing a person's outpatient civil
commitment, the judge shall impose on the person requirements
necessary to ensure the person's compliance with treatment and
supervision and to protect the community. The requirements shall
include:

 (1) requiring the person to reside in a particular location;

 (2) prohibiting the person's contact with a victim or potential
victim of the person;

 (3) prohibiting the person's possession or use of alcohol,
inhalants, or a controlled substance;

 (4) requiring the person's participation in and compliance with a
specific course of treatment;

 (5) requiring the person to:

 (A) submit to tracking under a particular type of tracking
service and to any other appropriate supervision; and

 (B) refrain from tampering with, altering, modifying,
obstructing, or manipulating the tracking equipment;

 (6) prohibiting the person from changing the person's residence
without prior authorization from the judge and from leaving
the state without that prior authorization;

 (7) if determined appropriate by the judge, establishing a child
safety zone in the same manner as a child safety zone is
established by a judge under Section 13B, Article 42.12, Code
of Criminal Procedure, and requiring the person to comply
with requirements related to the safety zone;

 (8) requiring the person to notify the case manager immediately
but in any event within 24 hours of any change in the person's
status that affects proper treatment and supervision, including
a change in the person's physical health or job status and
including any incarceration of the person; and

 (9) any other requirements determined necessary by the judge.

 (b) The judge may request assistance from the council in determining an
appropriate residence for the person.

 (c) The judge shall provide a copy of the requirements imposed under
Subsection (a) to the person and to the council. The council shall
provide a copy of those requirements to the case manager and to the
service providers.

 (d) Immediately after the case becomes final for purposes of appeal, the
judge shall transfer jurisdiction of the case to a district court, other
than a family district court, having jurisdiction in the county in which
the person is residing, except that the judge retains jurisdiction of the
case with respect to a civil commitment proceeding conducted under
Subchapters F and G.

 (e) The requirements imposed under Subsection (a) may be modified at
any time after notice to each affected party to the proceedings and a
hearing.


Tex. Health & Safety Code Ann. § 841.082 (Vernon Supp. 2004-05). 

 Subsection (d) refers to the time when jurisdiction -- other than for purposes of "a
civil commitment proceeding conducted under Subchapters F and G" (2) -- is to be
transferred to a court in the county in which appellant resides for supervision and treatment
pursuant to a final commitment order. Id. This jurisdiction transfer provision must be
read in the context of the statute's structure. In Subchapter C, the statute provides that "a
petition alleging that the person is a sexually violent predator and stating facts sufficient
to support the allegation" may be filed "in a Montgomery County district court other than
a family district court[.]" See Tex. Health & Safety Code Ann. § 841.041(a) (Vernon
Supp. 2004-05). Subchapter D provides for the trial, and provides that either the State or
the person is entitled to appeal a determination that the person is a sexually violent
predator. See Tex. Health & Safety Code Ann. § 841.062 (Vernon 2003). Subchapter
E, where the provision at issue is found, provides for the civil commitment of a person
determined at trial to be a sexually violent predator. Section 841.081(a) provides in part: 
 The commitment order is effective immediately on entry of the order, except
that the outpatient treatment and supervision begins on the person's release
from a secure correctional facility or discharge from a state hospital and
continues until the person's behavioral abnormality has changed to the extent
that the person is no longer likely to engage in a predatory act of sexual
violence. 


Tex. Health & Safety Code Ann. § 841.081(a)(Vernon Supp. 2004-05). The district
judge in Montgomery County who tried the case is to "impose on the person requirements
necessary to ensure the person's compliance with treatment and supervision and to protect
the community." See Tex. Health & Safety Code Ann. § 841.082(a) (Vernon Supp.
2004-05). Those requirements include requiring the person to reside in a particular
location. See Id. Subchapter E provides for treatment and supervision of the committed
person. See Tex. Health & Safety Code Ann. § 841.083 (Vernon Supp. 2004-05). 
Compliance with the commitment order is supervised while the case is on appeal, because
the commitment order is effective while the case is on appeal. It is in this context that
Subsection 841.082(d) provides for transfer of certain jurisdiction to a district court, other
than a family district court, having jurisdiction in the county in which the person is
required to reside.

 The entire jurisdiction over the case is not transferred. Section 841.082(d) provides
"the judge retains jurisdiction of the case with respect to a civil commitment proceeding
conducted under Subchapters F and G." See Tex. Health & Safety Code Ann. §
841.082(d) (Vernon Supp. 2004-05). Subchapter F provides that a person committed
under Section 841.081 "shall receive a biennial examination." See Tex. Health &
Safety Code Ann. § 841.101(a) (Vernon 2003). The case manager provides a report of
the examination to the judge. Id. The judge conducts a biennial review of the status of
the committed person. See Tex. Health & Safety Code Ann. § 841.102 (Vernon 2003). 
The judge sets a hearing if the judge determines that a requirement imposed on the person
should be modified or probable cause exists to believe that the person's behavioral
abnormality has changed to the extent that the person is no longer likely to engage in a
predatory act of sexual violence. See Id. Subchapter G provides for the filing of petitions
for release. See Tex. Health & Safety Code Ann. § 841.121(a) (Vernon Supp. 2003). 
The Montgomery County trial judge who committed the person retains jurisdiction over
the commitment proceedings under Subchapters F and G as well as the initial commitment
proceeding conducted under Subchapters D and E. The jurisdiction over the case to be
transferred under subsection 841.082(d) is to ensure the person's compliance with
treatment and supervision and to protect the community. See Tex. Health & Safety
Code Ann. § 841.082(a) (Vernon Supp. 2004-05). 

 Subdivision 841.082(d) does not address in which appellate court one is to file an
appeal of the commitment order. See Tex. Health & Safety Code Ann. § 841.082(d)
(Vernon Supp. 2004-05). The subsection does not say the case is to be transferred for
purposes of appeal. To read the statute as requiring the trial court that tried the case to,
immediately after signing a final judgment, transfer the file to another district court for
consideration of post-judgment motions would create an unworkable process. See Tex.
R. Civ. P. 306a(1). The transferee court likely would have insufficient information on
what had transpired at trial to consider post-trial motions. Furthermore, contrary to the
State's argument, the provision does not say the trial court is to wait until after all appeals
are exhausted to transfer supervising jurisdiction. The commitment order, with certain
exceptions, is effective immediately. The phrase "final for purposes of appeal" in Section
841.082(d) refers to the end of the trial court's plenary power to change a judgment under
the rules governing filing of post-trial motions and appeals, and refers to when a case
becomes final at the trial court level. See generally Thomas v. Oldham, 895 S.W.2d 352,
356 (Tex. 1995) (describing trial court's plenary power in civil actions). This is the end
of a discrete phase in the commitment proceeding. When all post-trial motions are
resolved and the trial court concludes its work on the commitment order, to ensure
compliance with treatment and supervision and to protect the community, supervisory
jurisdiction is to be transferred to a proper court in the county where the committed person
resides at that time. 

 The SVP statute does not have a provision outlining appeal procedure. An appeal
of the trial court's judgment and commitment order is to be filed with the court of appeals
having jurisdiction as in any other case. This Court has jurisdiction over an appeal from
a judgment by a Montgomery County district court. See Tex. Gov't Code Ann. §
22.201(j); § 22.220 (Vernon 2004); see also Tex. Const. art. V, § 6. Despite Lowe's
vagueness argument, he properly filed his appeal with this Court. Section 841.082(d) is
not void for vagueness. Lowe's third issue is overruled.

 In his fourth issue, Lowe argues his Fifth Amendment privilege against self-incrimination was violated when he was interviewed by the State's experts and when he
was required to give a deposition. At the beginning of Lowe's deposition, Lowe's counsel
stated on the record: 

 For the record, we would object. We feel that our client, George Lowe, has
a -- kind of a blanket Fifth Amendment right not to answer questions or to
give information that would be used in a proceeding which is going to
deprive him of his liberty interests; and so, we would like for the record,
again, to reflect that we do object to these proceedings on those grounds.


Shortly after the deposition began, Lowe refused to answer all questions posed to him, and
he continued to do so until the judge instructed him to answer. Lowe filed a motion to
exclude the evidence the State obtained by questioning him. The trial court denied his
motion.

 The United States Constitution and the Texas Constitution guarantee a person may
not be compelled to testify or give evidence against himself. See U.S. Const. amend. V;
Tex. Const. art. I, § 10; see Maness v. Meyers, 419 U.S. 449, 464, 95 S.Ct. 584, 42
L.Ed.2d 574 (1975). The privilege may be asserted in civil cases when "the answer might
tend to subject to criminal responsibility him who gives it." Texas Dep't of Pub. Safety
Officers Ass'n v. Denton, 897 S.W.2d 757, 760 (Tex. 1995) (quoting McCarthy v.
Arndstein, 266 U.S. 34, 40, 69 L.Ed. 158, 45 S.Ct. 16 (1924)). Blanket assertions of the
privilege in civil cases are impermissible. See In re Commitment of Browning, 113
S.W.3d 851, 865 (Tex. App.--Austin 2003, pet. denied). Rather, the privilege must be
asserted on a question-by-question basis. Id. The trial court is to determine whether the
assertion of the privilege is in good faith and is justifiable under the totality of the
circumstances. See In re Speer, 965 S.W.2d 41, 46 (Tex. App.--Fort Worth 1998, orig.
proceeding). 

 Lowe does not point to any questions that elicited information that would subject
him to future criminal prosecution. "It is the trial court's duty to consider the witness's
evidence and argument on each individual question and determine whether the privilege
against self-incrimination is meritorious." In re Speer, 965 S.W.2d at 46. Because the
commitment proceeding is civil, Lowe did not have a Fifth Amendment privilege to refuse
to answer all questions. See In re Browning, 113 S.W.3d at 865. Lowe's fourth issue is
overruled. The judgment of the trial court is affirmed.

 AFFIRMED. 

 _________________________________

 DAVID GAULTNEY 

 Justice 

Submitted on September 2, 2004

Opinion Delivered December 9, 2004

 

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. See generally Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455
U.S. 489, 498, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)("The degree of vagueness that the
Constitution tolerates -- as well as the relative importance of fair notice and fair
enforcement -- depends in part on the nature of the enactment."); see also generally
National Endowment for the Arts v. Finley, 524 U.S. 569, 588, 118 S.Ct. 2168, 141
L.Ed.2d 500 (1998)("The terms of the [grant] provision are undeniably opaque, and if they
appeared in a criminal statute or regulatory scheme, they could raise substantial vagueness
concerns."). 
2. Subchapter F is entitled "Commitment Review." Subchapter G is entitled "Petition
for Release."