Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00254-CV

Jerry **VALDEZ**,
Appellant

v.

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-16137
Honorable Solomon Casseb III, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:   Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  December 14, 2011

AFFIRMED

Appellant Jerry Valdez appeals the trial court's judgment dismissing his suit with prejudice.  Valdez brought suit against appellee Progressive County Mutual Insurance Company ("Progressive") concerning an unpaid insurance claim.  After the trial court found Valdez had failed to comply with multiple discovery orders compelling production of his tax returns, and was unresponsive to lesser sanctions, the trial court imposed the "death penalty" sanction pursuant to rule 215.2(b)(5) of the Texas Rules of Civil Procedure and dismissed Valdez's

claims against Progressive. On appeal, Valdez raises five issues, contending the trial court erred in dismissing his suit. We affirm the trial court's judgment.

## BACKGROUND

In January 2008, Valdez reported to law enforcement officials that a Harley Davidson motorcycle and Chevrolet Silverado truck he owned were stolen from his driveway. He later filed an insurance claim with Progressive for the loss of the two vehicles. Progressive paid Valdez for the motorcycle loss but denied the truck claim.

Progressive informed Valdez that the denial resulted from evidence the truck was not stolen. Progressive claimed an investigation by the National Insurance Crime Bureau revealed the truck was photographed—prior to the date it was reported stolen—being driven into Mexico by associates of Valdez. Progressive provided Valdez with a photograph of the truck crossing the border and asserted the truck was being held in Mexico with Valdez's consent as collateral for a drug trafficking transaction.

In September 2008, Valdez filed suit against Progressive alleging violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code, and libel. During a pretrial deposition conducted by Progressive, Valdez claimed he was self-employed, but refused to provide any estimate of his annual income for the years preceding the theft claim. On March 3, 2010, Progressive served Valdez with written requests for production, seeking redacted copies of Valdez's tax returns. Valdez neither complied with nor objected to the request. Subsequently, Progressive filed a motion to compel production and a hearing was set for July 1, 2010.

At the hearing, Progressive asserted Valdez waived his right to object to the production request because he failed to timely respond. Valdez, for the first time, objected to the production request, stating the tax returns were not relevant and Progressive failed to demonstrate the tax

returns were relevant and material to the case. After considering the parties' arguments, the trial court found Valdez waived his right to object and ordered him to produce his tax returns for 2006, 2007, and 2008. The deadline for production was set for July 16, 2010. Valdez did not comply with this order.

On July 16, 2010, Valdez filed a motion to reconsider. He argued there was good cause for the untimely objection, claiming for the first time the tax returns were protected by a right to privacy and that Progressive failed to satisfy a condition precedent requiring it to prove the tax returns were relevant and material. Based on this, Valdez concluded he was not obligated to produce the tax returns. Progressive responded by again arguing Valdez waived his right to object and further asserted he presented no good cause to the court to excuse the waiver. The trial court denied Valdez's motion and ordered production of the tax returns by August 13, 2010.

Again, Valdez refused the trial court's order to produce the tax returns. Instead, he filed a petition for writ of mandamus and a motion for an emergency stay with this court on September 1, 2010. The petition was denied on September 15, 2010. *In re Valdez*, No. 04-10-00636-CV, 2010 WL 3582399, at *1 (Tex. App.—San Antonio Sep. 15, 2010, orig. proceeding [mand. denied]). Shortly after we denied Valdez's petition, Progressive requested he produce the tax returns pursuant to the trial court's order. Valdez neither produced nor otherwise responded.

On September 17, 2010, Progressive filed a motion to enforce the trial court's order to compel production and sought discovery sanctions in the form of $2,500.00 in attorney's fees. At the motion hearing on October 4, 2010, Valdez blatantly refused to tender the tax returns, stating he intended to file a mandamus petition to the Texas Supreme Court. He also asserted, for the first time, a Fifth Amendment objection against producing the tax returns but offered no

specific argument supporting its application.[1] The court granted an extension for both parties to address whether the Fifth Amendment's self-incrimination clause precluded the production of Valdez's tax returns and whether he waived his right to object on this ground by failing to timely object.

On October 13, 2010, Valdez filed a petition with the Texas Supreme Court, challenging this court's denial of his petition for writ of mandamus and motion for emergency stay. The petition raised the same issues presented to our court and made no mention of the Fifth Amendment claim. The court denied the petition on December 3, 2010.

On December 13, 2010, the trial court granted Progressive's third motion to compel, ordering Valdez to produce the tax returns and pay $2,500.00 to Progressive by December 17, 2010. Once more, Valdez elected to disobey the trial court's order, choosing instead to file a motion to set it aside. This time Valdez dropped any reference to a right to privacy and argued only that the Fifth Amendment precluded production of the tax returns, the returns were not relevant to the case, and the $2,500.00 sanction was vague and penal in nature.

Finally, on December 27, 2010, Progressive filed a motion to enforce the December 13, 2010 order and sought discovery sanctions in the form of a dismissal of Valdez's claims, a death penalty sanction under rule 215.2(b)(5) of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 215.2(b)(5) (authorizing trial court to dismiss with prejudice lawsuit of non-compliant party). A hearing was set for January 11, 2011.

At the hearing, Progressive justified its request for death penalty sanctions by highlighting Valdez's continued refusals to obey numerous court orders even after being sanctioned for discovery abuse. In his reply, Valdez insisted he would continue withholding the

---

[1] There is no evidence in the record indicating that criminal proceedings against Valdez for insurance fraud had commenced as of the date he raised the Fifth Amendment objection. However, on November 29, 2010, a Bexar County grand jury indicted Valdez for insurance fraud arising from the truck claim at issue in this appeal.

tax returns based solely upon Fifth Amendment grounds. Valdez did not inform the court that he had been indicted by a Bexar County grand jury on November 29, 2010, for insurance fraud arising from his theft claim, but alluded only to potential criminal liability arising from an alleged failure to file tax returns. Valdez's counsel suggested the tax returns at issue may not have been filed, thereby justifying the self-incrimination objection based on the possibility of prosecution for failure to file tax returns. *See* 26 U.S.C.A. § 7203. Counsel later clarified that Valdez, who was present but did not testify at the hearing, reminded him of his previous admission at deposition that he did in fact file the requested tax returns. Neither Valdez nor his counsel expressed concern that the tax returns might be used in a criminal proceeding based on insurance fraud.

After considering the arguments presented by both parties, the trial court granted Progressive's motion and rendered a judgment dismissing Valdez's suit with prejudice on January 14, 2011. The trial court denied Valdez's motion for new trial. Valdez perfected this appeal.

## ANALYSIS

Although Valdez divides his appellate complaints into five separate issues, a review of the issues establishes Valdez has but one complaint: the trial court erred in imposing the death penalty sanction of dismissal because the basis of the sanction, his repeated refusals to produce his income tax returns, was invalid. More specifically, Valdez argues sanctions were inappropriate because he was not required to produce the requested returns as they were protected by his rights under the Fifth Amendment and his constitutional privacy rights.

### *Standard of Review*

A trial court's imposition of discovery sanctions is reviewed on appeal for abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004); *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 161 S.W.3d 531, 536 (Tex. App.—San Antonio 2004, pet. denied). Death penalty sanctions should be limited to situations where a "party has so abused the rules of procedure, despite imposition of lesser sanctions, that the party's position can be presumed to lack merit." *Finley Oilwell Service, Inc. v. Retamco Operating, Inc.*, 248 S.W.3d 314, 320 (Tex. App.—San Antonio 2007, pet. denied). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.'" *Vela v. Wagner & Brown, Ltd.*, 203 S.W.3d 37, 56 (Tex. App.—San Antonio 2006, no pet.). "The trial court's ruling should be reversed only if it was arbitrary or unreasonable." *Cire*, 134 S.W.3d at 839.

### *Applicable Law*

The primary purpose of discovery is "to ensure that lawsuits are 'decided by what the facts reveal, not by what facts are concealed.'" *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 (Tex. 1999) (quoting *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984)). Parties may generally obtain discovery of relevant non-privileged information, documents, and tangible things related to an action pending in court "reasonably calculated to lead to . . . admissible evidence." *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990); TEX. R. CIV. P. 192.3. Requests for discovery should be "reasonably tailored to include only matters relevant to the case . . ." and not be employed simply to harass or generate expense for an opponent. *Alford Chevrolet-Geo*, 997 S.W.2d at 180–81. A trial court has broad discretion to limit discovery to

prevent undue burden and expense depending on the needs of the case. *Id*. at 181; TEX. R. CIV. P. 192.4. A party seeking the court's protection against burdensome or harassing discovery must present some evidence as to why the court should intervene. *Alford Chevrolet-Geo*, 997 S.W.2d at 181.

Rule 215.3 of the Texas Rules of Civil Procedure provides that "[i]f the court finds a party is abusing the discovery process in . . . resisting discovery . . . then the court in which the act is pending may, after notice and hearing, impose any appropriate sanction authorized by . . . Rule 215.2(b)." TEX. R. CIV. P. 215.3; *see also Paradigm Oil*, 161 S.W.3d at 537. One of the authorized sanctions under rule 215.2(b) permits a court to strike a party's pleadings or dismiss with prejudice an action pending before it, i.e., the death penalty sanction. *Id*. at R. 215.2(b)(5).

As with any discovery abuse sanction, dismissal with prejudice must be justly imposed. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992); TEX. R. CIV. P. 215(b). To be just, "a direct relationship between the offensive conduct and the sanction imposed must exist . . . and . . . the sanction . . . must not be excessive." *Chrysler Corp.*, 841 S.W.2d at 849. Dismissal with prejudice should not be employed by a court "absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." *Cire*, 134 S.W.3d at 839 (quoting *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991)). Generally, a court should test the effectiveness of less stringent discovery sanctions prior to imposing the death penalty sanction against a party. *Id* at 840. In certain exceptional circumstances, however, a court need only consider lesser sanctions prior to dismissing the case with prejudice. *Id*.; *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003).

*Application*

Valdez argues the death penalty sanction for discovery abuse was inappropriate because his tax returns were constitutionally barred from discovery. Concluding unilaterally that his constitutional right to privacy and right against self-incrimination barred the compelled production of his tax returns, Valdez deliberately ignored four trial court discovery orders, including three orders compelling production of the tax returns and one order sanctioning him $2,500.00 for discovery abuse.

We hold that even if Valdez had a valid Fifth Amendment or other constitutional privilege to refuse production of his tax returns, he waived these rights by failing to timely object in writing to the discovery request on this basis. *See* TEX. R. CIV. P. 193.2(e); *In re Gore*, 251 S.W.3d 696, 700–01 (Tex. App.—San Antonio 2007, no pet.) (stating that failure to timely plead and prove privilege from discovery can operate as waiver); TEX. R. APP. P. 33.1(a) (requiring timely objection to trial court in order to preserve the right to appeal). A specific objection to each discovery request must be brought to the trial court's attention so the court can make a proper decision. *See Gebhardt v. Gallardo*, 891 S.W.2d 327, 330–31 (Tex. App.—San Antonio 1995, no pet.); *In re Speer*, 965 S.W.2d 41, 45–46 (Tex. App.—Fort Worth 1998, no pet.). Rule 193.2 of the Texas Rules of Civil Procedure specifically requires objections to written discovery to be in writing and to provide the specific legal or factual basis for the objection. TEX. R. CIV. P. 193.2(a). Rule 193.2(e) provides that untimely objections are waived unless the trial court excuses the waiver for "good cause shown." *Id.* R. 193.2(e). Responses to production are due within thirty days after the date of service. *Id.* R. 196.2(a). A party seeking to exclude any matter from discovery must likewise assert any objection or privilege to a request for production in writing within that response. *Id.* R. 196.2(b); *Bielamowicz v. Cedar Hill Indep. Sch. Dist.*, 136

S.W.3d 718, 723 (Tex. App.—Dallas 2004, pet. denied). A failure to timely assert a proper objection or privilege waives the objection or claim of privilege. TEX. R. CIV. P. 193.2(e); *Bielamowicz*, 136 S.W.3d at 723.

Progressive first sought production of Valdez' tax returns in March 2010. Valdez offered no objection and asserted no privilege to this request for production. Only when Progressive sought to compel production and set the matter for hearing on July 1, 2010, did Valdez assert any objection. At that time, he raised only an oral objection based on relevance. Valdez did not propose a constitutional privacy argument until he filed a motion to reconsider on July 16, and failed to raise the Fifth Amendment issue until October 2010. The record indicates Valdez was not deprived of an opportunity to raise either objection. Accordingly, having filed no timely written objections to Progressive's request for production of the tax returns, we hold Valdez waived his right to contest production. *Id.*

## CONCLUSION

Based on the foregoing, we hold Valdez waived his right to object to the discovery of his tax returns on constitutional right to privacy and self-incrimination grounds. Having waived this right, Valdez was thus obligated to comply with the trial court's orders compelling production of the returns. His subsequent disobedience of numerous court orders constituted blatant disrespect for the trial court and the rules of discovery. Valdez's continued obstruction led the trial court to dismiss his lawsuit with prejudice. Accordingly, we hold the trial court's imposition of a death penalty sanction was not abuse of discretion. We overrule Valdez's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice