**Opinion issued June 27, 2019**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-18-01112-CV

———————————

## IN RE GREGORY CHARLES, Relator

———————————————————————————————————————

### Original Proceeding on Petition for Writ of Mandamus

———————————————————————————————————————

## MEMORANDUM OPINION

In this original proceeding, relator, Gregory Charles, seeks relief from the trial

court's order that requires him to answer discovery in violation of his Fifth

Amendment right.[1]

---

[1]     The underlying case is *Yolanda Golden Dailey, Individually and as Heir, and/or Representative of the Estate of Walter Golden Sr., Deceased Walter Golden, Jr.*, cause number 2018-40931, pending in the 334th District Court of Harris County, Texas, the Honorable Steven Kirkland presiding.

We conditionally grant mandamus relief.

## Background

Relator was involved in a car accident that resulted in the death of Walter Golden, Sr. The real party in interest, Yolanda Golden Dailey, Individually and as Heir and/or Representative of the Estate of Walter Golden, Sr., sued relator for wrongful death and survival damages arising from the motor vehicle collision. While the civil litigation was pending, the State of Texas charged relator[2] with intoxication manslaughter.[3]

In the civil litigation, the real party in interest sought discovery from relator related to the night of the collision. Two discovery questions are relevant in this mandamus proceeding. First, in interrogatory two, relator was asked to "Identify by name, address and phone number each person, business or location you were sold, served, provided or consumed any alcoholic beverages within 24 hours of the motor vehicle collision in question. Include in your answer when you were served, sold or provided such alcoholic beverages and what kind, type, and quantity of alcoholic

---

[2]    *See State of Texas v. Gregory Charles*, cause number 1543454, pending in the 209th District Court of Harris County, Texas, the Honorable Brian Warren presiding.

[3]    *See* TEX. PENAL CODE 49.08 (providing that person commits offense if person operates motor vehicle in public place and is intoxicated, and by reason of that intoxication, causes death of another by accident or mistake). A person is considered "intoxicated" if the person: (1) does not have the normal use of their mental or physical faculties by reason of the introduction of alcohol into the body; or (2) has an alcohol concentration of .08 or more. TEX. PENAL CODE § 49.01(2).

beverage(s) did you consume." Relator objected, asserting his "Fifth Amendment privilege against self incrimination to the extent this interrogatory seeks to compel Defendant to provide evidence or testimony that Defendant reasonably fears would subject him to criminal responsibility."

Second, in request for production number 18, relator was asked, "Please provide a copy of the billing records or other documents for any cellular telephone, mobile device, or other electronic device Defendant was using, or was available for Defendant's use, on the day of the incident forming the basis of this lawsuit, to include any placed or received cellular telephone calls, emails, text messages, or multimedia message using a mobile phone or other electronic device on the day of the incident from the basis of this lawsuit." Relator objected, asserting his "Fifth Amendment privilege against self incrimination to the extent this request seeks to compel Defendant to provide evidence or testimony that Defendant reasonably fears would subject him to criminal responsibility."

The real party in interest filed a motion to compel on November 1, 2018, arguing that the trial court should compel the responses because "Defendant is making blanket assertions of the privilege against self-incrimination" and "[t]he underlying facts of this case show Defendant is attempting to evade answering questions that cannot possibl[y] have any tendency to incriminate but will prevent Plaintiffs from prosecuting their case." The real party in interest contended that she

3

has a potential dram shop claim[4] against the bar that served relator alcohol and that the two-year statute of limitations runs on March 7, 2019. The real party in interest specifically referenced interrogatory two and asserted that "[t]he providing of the identity of these potential Defendants will not be a waiver of the Defendant's Fifth Amendment right of self-incrimination, since this interrogatory does not ask the amount or quantity of any alcohol he was served or which he consumed."

Relator responded, arguing that interrogatory two "expressly seeks information related" to intoxication and an element of the criminal charges against him is that he was intoxicated. Relator further responded that request for production 18 would also violate his Fifth Amendment right.

At the hearing on the motion to compel, relator's counsel argued that where relator was drinking and if he was drinking would certainly be privileged. The trial court stated, "I disagree with that. The defendant's presence in a public space over the 24 hours prior to the accident is not privileged." Relator's counsel argued that "it is still a link in the chain of evidence that is leading to a prosecution and—." The trial court ultimately issued an order, compelling relator to answer interrogatory 2 and request for production 18.

---

[4]     In passing the Dram Shop Act, the Texas Legislature intended to provide a statutory remedy when a bar's negligence proximately causes an individual's injuries. TEX. ALCO. BEV. CODE § 2.02.

Relator then brought this mandamus petition and an emergency motion to stay the trial court's discovery order. We granted a stay on January 15, 2019.

## Standard of Review and Applicable Law

Mandamus is an extraordinary remedy that is available only when (1) a trial court clearly abuses its discretion and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). With respect to a trial court's determination of legal principles, "[a] trial court has no 'discretion' in determining what the law is or applying the law to facts." *In re Prudential*, 148 S.W.3d at 135 (quoting *Walker*, 827 S.W.2d at 840).

The United States Constitution both guarantees that a person may not be compelled to testify or give evidence against herself. *See* U.S. CONST. amend. V; *Maness v. Meyers*, 419 U.S. 449, 461 (1975); *In re Commitment of Lowe*, 151 S.W.3d 739, 745 (Tex. App.—Beaumont 2004, no pet.). The Fifth Amendment can be asserted in civil cases whenever "the answer might tend to subject to criminal responsibility [she] who gives it." *Tex. Dept. of Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d 757, 760 (Tex. 1995) (quoting *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924)). Thus, it may be asserted to avoid general civil discovery if the person

5

invoking it reasonably fears the answer would tend to incriminate her. *Id.*; *see also Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979). However, blanket assertions of the privilege in civil cases are impermissible. *See Lowe*, 151 S.W.3d at 745; *In re Commitment of Browning*, 113 S.W.3d 851, 862 n.10 (Tex. App.—Austin 2003, pet. denied). And, the privilege must be asserted on a question-by-question basis. *Lowe*, 151 S.W.3d at 745; *In re Verbois*, 10 S.W.3d 825, 828 (Tex. App.—Waco 2000, orig. proceeding).

Moreover, in a civil suit, a witness's decision to invoke the privilege is not absolute. *In re Speer*, 965 S.W.2d 41, 45 (Tex. App.—Fort Worth 1998, orig. proceeding). A trial court is entitled to determine whether the assertion of the privilege appears to be based upon the good faith of the witness and is justifiable under all of the circumstances. *Ex Parte Butler*, 522 S.W.2d 196, 198 (Tex. 1975); *In re R.R.*, 26 S.W.3d 569, 574 (Tex. App.—Dallas 2000, orig. proceeding); *Speer*, 965 S.W.2d at 45. Before compelling answers to discovery in a civil case over an assertion of the Fifth Amendment privilege, the court must be "perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer(s) cannot possibly have such tendency to incriminate." *Butler*, 522 S.W.2d at 198. Upon a party's assertion of the Fifth Amendment privilege to a discovery request in a civil suit, the trial court reviews the discovery request, applies the law of privilege, discovery, and protection to the request, and

determines how best to protect the privilege, the right to proceed with the case, and the right to defend the suit. *Speer*, 965 S.W.2d at 45–46; *see In re R.R.*, 26 S.W.3d at 574. "It is the trial court's duty to consider the witness's evidence and argument on each individual question and determine whether the privilege against self-incrimination is meritorious." *Lowe*, 151 S.W.3d at 745 (quoting *Speer*, 965 S.W.2d at 46).

The inquiry by the court is necessarily limited because the witness only has to show that a response is likely to be hazardous to her. *Speer*, 965 S.W.2d at 45. The witness cannot be required to disclose the very information the privilege protects. *Butler*, 522 S.W.2d at 198; *Speer*, 965 S.W.2d at 45. Each question for which the privilege is claimed must be studied, and the court must forecast whether an answer to the question could tend to incriminate the witness in a crime. *Speer*, 965 S.W.2d at 45. The privilege extends not only to answers that would in themselves support a conviction, but embraces answers that would furnish a link in the chain of evidence needed to prosecute the claimant. *Maness*, 419 U.S. at 461; *Hoffman v. United States*, 341 U.S. 479, 486 (1951). It is relator's burden to establish the applicability of the Fifth Amendment privilege. *Batson v. Rainey*, 762 S.W.2d 717, 720 (Tex. App.—Houston [1st Dist.] 1988, no writ).

**Analysis**

7

Relator argues that the trial court abused its discretion by compelling him to answer two questions that would tend to incriminate him. We agree. Here, the possibility of relator's prosecution for involuntary manslaughter was not remote or speculative. *See Smith v. White*, 695 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1985, orig. proceeding) (holding that defendants under indictment entitled to assert Fifth Amendment rights in civil custody dispute). It is undisputed that relator has already been indicted by the State of Texas for conduct at issue in the civil suit. Thus, it is likely that any information that relator provides in response to the two discovery requests would be used against him in the criminal proceeding. *See In re Espinoza*, No. 04-07-00598-CV, 2007 WL 4180216, at *3 (Tex. App.—San Antonio 2007, orig. proceeding) (finding that information that relator provided in depositions would be used against him in criminal proceeding). The interrogatory compelled by the trial court asked relator about his location on the night that underlies his criminal indictment, when he consumed alcoholic beverages, and what kind of alcohol he had been drinking, as well as the quantity. Likewise, the request for production compelled relator to give information from his phone, including emails, text messages or multimedia messages on the day of the incident. It is not difficult to envision that information from relator's phone could include pictures of the evening or details of the plans for the evening that would provide the State with a link in the chain of evidence needed to prosecute appellant in the criminal trial. *See Hoffman*,

341 U.S. at 486. Under the facts of this case—the pending criminal case and the nature of the questions asked—relator's assertion of the privilege was not unreasonable, and we cannot conclude that relator's answers "cannot possibly have such tendency to incriminate." *See Hoffman*, 341 U.S. at 486 (holding that protection afforded by privilege against self-incrimination is confined to instances in which witness has reasonable cause to apprehend danger from direct answer). We therefore conclude that the trial court abused its discretion in compelling relator to answer these questions in violation of his Fifth Amendment right.

Because the trial court's error is of constitutional dimension, appeal is not an adequate remedy. *See Tilton v. Marshall*, 925 S.W.2d 672, 682 (Tex. 1996); *In re Speer*, 965 S.W.2d at 45. Indeed, our Supreme Court has recognized that a writ of mandamus is available to address discovery orders requiring the disclosure of information subject to a privilege. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 802–03 (Tex. 2017) (orig. proceeding). We therefore conclude that relator does not have an adequate remedy by appeal.

**Conclusion**

Having concluded that the trial court abused its discretion and that relator lacks an adequate remedy by appeal, we conditionally grant the writ of mandamus. We order the trial court to vacate the portion of its order that compelled relator to respond to the discovery at issue in this opinion. We are confident that the respondent will comply with this order, and a writ of mandamus will issue only in the event that he does not do so. All pending motions are overruled as moot. We withdraw our stay order issued January 15, 2019.


Sherry Radack
Chief Justice


Panel consists of Chief Justice Radack and Justices Higley and Hightower.