

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00344-CV

### IN RE H.J.[1]

Original Mandamus Proceeding[2]

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Irene Rios, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: October 2, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In the underlying lawsuit, Father filed a suit to modify the parent-child relationship ("SAPCR"), and Mother countersued. The minor children in the suit are nine-year-old J.L.J., twelve-year-old J.A.J., and fifteen-year-old B.S.J. Relator is married to Father and is not a party to the SAPCR.

Through a subpoena duces tecum, Mother sought to compel electronic information stored on an iPhone in Relator's possession because Mother was concerned about alleged conversations between Relator and B.S.J. regarding sex toys. On May 10, 2024, Mother filed an Amended Motion to Compel and for Inspection of Electronically Stored Information, arguing that Relator

---

[1]To protect the identity of minor children, we refer to the parties by fictitious names, initials, or aliases. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

[2]This proceeding arises out of Cause No. 2020-CI-17862, styled *In the Interest of B.S.J., J.A.J. and J.L.J.*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Monique Diaz presiding.

had not produced all information requested. Relator asserted her right against self-incrimination under the Fifth Amendment to not produce certain electronic information. On May 17, 2024, the trial court granted Mother's motion and ordered Relator to produce an iPhone in her possession for a forensic examination so that the following information between May 8, 2022 to present could be extracted and produced to Mother's attorney:

- Any and all text messages between [Relator] and [B.S.J.] (including group text messages).
- Any and all video recordings regarding [B.S.J.], including but not limited to Marco Polo app.
- Any and all audio recordings regarding [B.S.J.].
- Any and all social media posts, comments, messages and photos between [Relator] and [B.S.J.].

On May 17, 2024, Relator filed an emergency motion to stay enforcement of the trial court's order and a petition for writ of mandamus requesting that we order the trial court to vacate its May 17, 2024 order. Relator argues that by compelling her to produce the iPhone for forensic examination, the trial court violated her act-of-production privilege under the Fifth Amendment. We granted Relator's emergency motion to stay enforcement of the trial court's May 17, 2024 order[3] and requested a response from the real party in interest and the respondent. *See* TEX. R. APP. P. 52.4, 52.8(b)(1). No response has been filed.

## MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show that the trial court clearly abused its discretion and that he has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *In re Russo*, 550 S.W.3d 782, 786 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding). A trial court clearly abuses its discretion "if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of

---

[3]Our order stayed enforcement of the trial court's May 17, 2024 order but did not stay the underlying proceedings.

law, or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Cap. Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (citation omitted); *In re Russo*, 550 S.W.3d at 787. "The relator must establish that the trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *In re Russo*, 550 S.W.3d at 787.

A "party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error." *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 280 (Tex. 2016) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 843). "If the trial court issues an erroneous order requiring the production of privileged documents, the party claiming the privilege is left without an adequate appellate remedy." *Id*. "Mandamus is appropriate for constitutional protections like the privilege against self-incrimination that an appeal could not adequately protect." *In re Speer*, 965 S.W.2d 41, 45 (Tex. App.—Fort Worth 1998, orig. proceeding) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 682 (Tex. 1996) (orig. proceeding)).

### FIFTH AMENDMENT PRIVILEGE

The Fifth Amendment to the Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V; *see* U.S. CONST. amend. XIV; *Malloy v. Hogan*, 378 U.S. 1, 6 (1964) (explaining that "the Fifth Amendment's exception from compulsory self-incrimination" applies to the states through the Fourteenth Amendment's Due Process Clause). Moreover, the Fifth Amendment's self-incrimination protections encompass not just the events in criminal proceedings, but also to civil proceedings. *See Kastigar v. United States*, 406 U.S. 441, 444 (1972); *Tex. Dept. of Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d 757, 760 (Tex. 1995); *In re Russo*, 550 S.W.3d 782, 787 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding). "Those protections create a privilege 'to avoid civil discovery if [the person] reasonably fear[s] the answers would tend to incriminate [her].'" *In re Silva*, No. 14-23-00834-

CV, 2024 WL 1514565, at \*2 (Tex. App.—Houston [14th Dist.] Apr. 9, 2024, orig. proceeding) (quoting *Denton*, 897 S.W.2d at 760). Thus, the "Fifth Amendment's privilege against self-incrimination 'not only extends to answers that would in themselves support a conviction under a . . . statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a . . . crime.'" *Id.* (quoting *United States v. Hubbell*, 530 U.S. 27, 38 (2000)) (alterations in original). Accordingly, the "Fifth Amendment's protection encompasses an act-of-production privilege, applying when the act of producing documents might itself communicate statements of fact." *Id.* (citing *Russo*, 550 S.W.3d at 787, and *Hubbell*, 530 U.S. at 36).

In asserting this privilege, a person does not need to "make a document-by-document or item-by-item showing that the Fifth Amendment's self-incrimination privilege applies" or "give the district court an opportunity to examine disputed documents and items in camera." *Id.* at \*5; *see Russo*, 550 S.W.3d at 787 (explaining that "the act of producing documents in response to a subpoena duces tecum may have a compelled testimonial aspect because the act of production itself may implicitly communicate statements of facts," such as admitting "that the papers existed, where in his possession or control, and were authentic").

In reviewing Relator's petition and the mandamus record, we conclude the information sought could furnish a link in the chain of evidence needed to prosecute Relator for a crime. *See In re Silva*, 2024 WL 1514565, at \*2; *see also In re Charles*, No. 01-18-01112-CV, 2019 WL 2621749, at \*3-4 (Tex. App.—Houston [1st Dist.] June 27, 2019, orig. proceeding) (vacating an order that compelled a relator in a civil proceeding to produce information from his phone on the day of a fatal accident despite his potential prosecution for intoxication manslaughter due to that accident, as "[i]t is not difficult to envision that information from relator's phone could include

pictures of the evening or details of the plans for the evening that would provide the State with a link in the chain of evidence needed to prosecute [him]" in a criminal proceeding).

We note the trial court's order stated that "[a]ll material obtained from the iPhone are subject to the confidentiality [agreement] entered on April 22, 2024." However, such a confidentiality agreement would not protect Relator's rights against self-incrimination under the Fifth Amendment. In *In re Nichol*, 602 S.W.3d 595, 604 (Tex. App.—El Paso 2019, orig. proceeding), the El Paso Court of Appeals explained why in that case "the trial court's protective order placing any answer [relator] gave under seal" would not adequately protect relator's right against self-incrimination. While the court of appeals "commend[ed] the trial court for trying to strike a balance between the plaintiffs' right to discovery and the defendant's privilege against self-incrimination," the court of appeals "disagree[d] that the civil protective order would provide [relator] with adequate protection against self-incrimination." *Id*. The court noted "federal court decisions holding that grand juries can use criminal subpoenas to obtain information subject to a civil protective order, meaning that in actuality the protective order could provide him no protection at all with respect to the parallel criminal proceedings." *Id*. (noting three federal circuits have adopted a "per se rule that a grand jury subpoena always trumps a protective order" and two circuits have determined that "a grand jury subpoena overrides a protective order unless exceptional circumstances exist that clearly favor subordinating the subpoena to the protective order"). While "a civil protective order may restrict public access to certain information," the El Paso Court of Appeals concluded it did not place the relator's "potentially incriminatory answer completely beyond the reach of a grand jury criminal subpoena." *Id*. at 604-05. Thus, "even with a civil protective order in place, the potentially incriminatory material could still end up being used against him in the parallel criminal proceedings." *Id*. at 605. The El Paso Court of Appeals noted that "the Fifth Amendment allows for a civil deponent to be forced to testify only when the

prosecuting agency grants that witness immunity." *Id*. Because a protective order was "not the functional equivalent of a grant of immunity from prosecution, the trial court could not direct [the relator] to provide a potentially incriminatory answer to" the discovery interrogatory while the relator could be "faced [with] the prospect of criminal liability." *Id*.

Similarly, here, the trial court's order stating "[a]ll materials obtained from the iPhone are subject to the confidentiality [agreement]" would not shield Relator from potential criminal liability. *See id*. Thus, we conclude the trial court abused its discretion in granting Mother's Amended Motion to Compel and for Inspection of Electronically Stored Information and compelling Relator to produce the iPhone in her possession for forensic examination. *See In re Silva*, 2024 WL 1514565, at *3-5 (concluding that trial court abused its discretion in compelling third party to comply with subpoena duces tecum because production of documents could furnish a link in the chain to prosecute relator).

We similarly conclude that Relator lacks an adequate remedy by appeal. "Mandamus is appropriate for constitutional protections like the privilege against self-incrimination that an appeal could not adequately protect." *Russo*, 550 S.W.3d at 787 (quoting *In re Speer*, 965 S.W.2d at 45). Because the trial court's order "imperils [R]elator's Fifth Amendment self-incrimination privileges, mandamus is appropriate here." *See In re Silva*, 2024 WL 1514565, at *5.

## CONCLUSION

We conditionally grant relator's petition for writ of mandamus and direct the trial court to vacate its May 17, 2024 order. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the court fails to comply.

Liza A. Rodriguez, Justice

- 6 -